IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO: 9:20-CV-81979-WPD

PRINITA FINLEY, Individually and
On behalf of all others similarly situated,

    Plaintiff,

v.

PERMANENT GENERAL ASSURANCE
CORP. and NATION SAFE DRIVERS
SERVICES, INC.

    Defendants.
_____/

**DEFENDANT, PERMANENT GENERAL ASSURANCE CORP.'S (1) MOTION TO DISMISS COUNT I OF AMENDED COMPLAINT, (2) MOTION TO STRIKE CLASS ACTION ALLEGATIONS, (3) MOTION TO STRIKE PRAYER OF RELIEF SEEKING TO CERTIFY ACTION AS CLASS ACTION AND (4) MOTION TO STRIKE IMPERTINENT ALLEGATIONS AND INCORPORATED MEMORANDUM OF LAW**

    Defendant, PERMANENT GENERAL ASSURANCE CORP. ("PGAC"), through its undersigned counsel, and pursuant to Rules 12(b)(6) and 12(f), Fed. R. Civ. P., and Local Rule 23.1 hereby respectfully moves the Court for an order (1) dismissing Count I of Plaintiff's Amended Complaint **[ECF No. 17],** which asserts one count for Unjust Enrichment, due to the existence of an express contract and Plaintiff's failure to state a claim against PGAC upon which relief may be granted; (2) striking Plaintiff's class action allegations for failure to comply with class action pleading requirements of Local Rule 23.1; (3) striking Plaintiff's Prayer for Relief in Paragraph a as premature at this stage of the proceedings; (4) and striking redundant, immaterial, impertinent, or scandalous allegations. In support of this Motion, PGAC states as follows:

### I.    INTRODUCTION

    Plaintiff's case against PGAC and Nation Safe Drivers Services, Inc. ("NSD") consists of allegations regarding her payment for a "motor club" membership that she claims she was never informed about and never consented to. Plaintiff alleges PGAC automatically assessed her for this motor club membership when she purchased an automobile policy underwritten by PGAC.

By Plaintiff's own account, PGAC was involved in the sale, servicing, billing, and payment collection for this policy while NSD serviced the motor club membership. Plaintiff's initial contract period with PGAC was from February 5, 2018 to August 5, 2018, which she renewed for one six-month term covering August 5, 2018 to February 5, 2019. Per Plaintiff, PGAC added a $10 fee to Plaintiff's monthly invoices for the motor club membership, 70% of which was retained by PGAC and 30% by NSD. Plaintiff alleges she was charged this unauthorized $10 "motor club" fee for the entire policy period, which was wrongfully retained for PGAC and NSD's benefit. Plaintiff therefore maintains PGAC was unjustly enriched and has alleged one count for Unjust Enrichment against it in her Amended Complaint.

As further discussed below, Plaintiff is unable to plead her Unjust Enrichment Claim against PGAC because her own factual allegations prove that an express contract exists between Plaintiff and PGAC. Although Plaintiff strategically fails to attach her executed PGAC application for an automobile policy, this Court may consider the content of such application due to the Plaintiff's numerous references to the application and factual allegations referencing PGAC's sale, servicing, and billing of Plaintiff's automobile policy and Plaintiff's own admission that she did enter into a contract for such policy with PGAC. The executed PGAC application constitutes an express contract, which bars Plaintiff from alleging an Unjust Enrichment Claim against PGAC and further warrants dismissal as it serves as evidence that she explicitly agreed to join the motor club membership and pay its $10 monthly fee.[1]

Aside from Plaintiff's express contract with PGAC barring her unjust enrichment claim, Plaintiff's Amended Complaint also fails to state a claim for Unjust Enrichment against PGAC. Plaintiff has failed to properly plead that it would be inequitable and unjust for PGAC to retain its profit percentage of the $10 monthly fee charged to Plaintiff for the motor club membership. The Plaintiff does not dispute that she retained the benefit of a motor club membership and therefore cannot allege that PGAC has not "paid the value" for the $10 benefit conferred upon it by the Plaintiff. PGAC has paid for the value of Plaintiff's $10 benefit. The Plaintiff's general statements that it would be "inequitable and unjust for Defendants to retain such ill-gotten gains" is insufficient. Furthermore, Plaintiff's Class Action Allegations should be stricken for her

---

[1] PGAC is also in possession of a recording of the Plaintiff's telephonic conversation and transaction with a PGAC representative whereby she explicitly consents to join the Motor Club Membership on two separate occasions.

failure to comply with pleading requirements of Local Rule 23.1(b)(2)(A) and stating the size or approximate size of the alleged class.

Based on the forthcoming arguments and cited authorities, Count I of Plaintiff's Amended Complaint should be dismissed with prejudice due to the existence of an express contract and for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6), Fed. R. Civ. P. Additionally, the Amended Complaint's Class Action Allegations section and Prayer for Relief in Paragraph a should be stricken for failure to comply with class action pleading requirements of Local Rule 23.1(b)(2)(A) and as being premature at this stage of the proceedings.

## II.     RELEVANT FACTUAL BACKGROUND

Plaintiff's relevant factual allegations are as follows: Plaintiff is an adult resident citizen of Cape Canaveral, Florida and purchased an automobile policy underwritten by PGAC in February 2018.[2] PGAC underwrites and provides automobile insurance to customers throughout the United States, including Florida.[3] Some of PGAC's sales are made online or telephonically.[4] Plaintiff sought automobile coverage for her vehicle and contacted PGAC for a quote.[5] It is undisputed that Plaintiff filled out an application for coverage and ultimately entered into a contract period with PGAC from February 5, 2018 to August 5, 2018, which she renewed for one six-month term covering August 5, 2018 to February 5, 2019.[6]

In addition to entering into a contract for automobile coverage with PGAC, Plaintiff also obtained a motor club membership.[7] Plaintiff's PGAC application indicates that it "includes the purchase of the following product(s) provided by Nation Safe Drivers (NSD): Motor Club."[8] Plaintiff was charged $10 per month for this membership, which is reflected on the monthly

---

[2] *See* Amended Complaint, ¶ 4, [ECF No. 17].
[3] *See* Amended Complaint, ¶ 10, [ECF No. 17].
[4] *See* Amended Complaint, ¶ 10, [ECF No. 17].
[5] *See* Amended Complaint, ¶ 31, [ECF No. 17].
[6] *See* Amended Complaint, ¶ 20, 31, 32, [ECF No. 17].
[7] *See* Amended Complaint, ¶ 1, [ECF No. 17].
[8] *See* Amended Complaint, ¶ 20, [ECF No. 17]; *see* Plaintiff's PGAC Application, attached hereto as Exhibit "A."

invoices sent to Plaintiff by PGAC.[9] NSD services the motor club and shares a percentage of the profit with PGAC.[10] Plaintiff additionally entered into a contract with NSD that she now claims she has no recollection of signing.[11] The benefits of the motor club include rental reimbursement and towing and labor coverage.[12]

Despite filling out and executing an application with PGAC reflecting Plaintiff's purchase of the motor club membership[13], the existence of a contract between Plaintiff and NSD and monthly Invoices reflecting the $10 motor club charge to Plaintiff, Plaintiff now claims that she was "automatically assessed" by PGAC for and enrolled in this motor club membership with NSD and claims such membership is completely "bogus" and "non-existent."[14] She further claims that PGAC and NSD implemented "a wide-Spread deceptive scheme to improperly obtain additional revenues from certain targeted and vulnerable consumers in Florida,"[15] and that they have "been unjustly enriched by virtue of the improper business practices" and that it "would be inequitable and unjust" for PGAC to retain the $10 membership fee paid by Plaintiff and members of the putative class.[16]

Plaintiff also seeks to certify this action pursuant to Fed. R. Civ. P. 23, as reflected in paragraph a of Plaintiff's Prayer for Relief. Under the Class Action Allegations Section and in an attempt to satisfy the numerosity requirement of Fed. R. Civ. P. 23, Plaintiff states that the "class is so numerous that it would be impracticable to join all affected class members in a single action."[17] Plaintiff fails to state the size or approximate size of the alleged class as required in a pleading in any case sought to be maintained as a class action pursuant to Local Rule 23.1.

Plaintiff now attempts to state a claim for Unjust Enrichment against PGAC[18] and mischaracterizes the transaction she engaged in and contract she entered into with both PGAC and NSD by stating that PGAC misled her into paying a $10 fee for a motor club membership

---

[9] *See* Amended Complaint, ¶ 1, [ECF No. 17].
[10] *See* Amended Complaint, ¶ 6, [ECF No. 17].
[11] *See* Amended Complaint, ¶ 2, [ECF No. 17].
[12] *See* Amended Complaint, ¶ 16, [ECF No. 17].
[13] *See* Amended Complaint, ¶ 20, [ECF No. 17].
[14] *See* Amended Complaint, ¶ 1, 3, [ECF No. 17].
[15] *See* Amended Complaint, ¶ 14, [ECF No. 17].
[16] *See* Amended Complaint, ¶ 46, 47 [ECF No. 17].
[17] *See* Amended Complaint, ¶ 39 [ECF No. 17].
[18] *See* Amended Complaint, ¶ 45, 46, 47 [ECF No. 17].

she clearly consented to. Count I of Plaintiff's Amended Complaint should be dismissed and Plaintiff's Class Action Allegations and Paragraph a of its Prayer for Relief should be stricken based on the arguments asserted and authorities cited below.

### III. MEMORANDUM OF LAW

#### A. Legal Standard

A motion to dismiss challenges the legal sufficiency of a complaint. *See* Fed. R. Civ. P. 12(b)(6). In reviewing a motion to dismiss, the Court must eliminate allegations that are merely legal conclusions and accept well-pleaded factual allegations of the complaint as true in order to determine whether they plausibly give rise to an entitlement to relief. *American Dental Association v. Cigna Corp.*, 605 F. 3d 1283, 1290 (11th Cir. 2010). In order "[t]o survive a motion to dismiss, a [c]omplaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While detailed factual allegations are not required, Plaintiff must offer more than labels and conclusions or a formulaic recitation of the elements. *Id.*, at 129. "Dismissal, however, is appropriate where 'on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action.'" *Casey v. City of Miami Beach*, 789 F. Supp. 2d 1318, 1320 (S.D. Fla. 2011) (citing *Marshall County Board of Education v. Marshall County Gas District*, 992 F. 2d 1171, 1174 (11th Cir. 1993)). A claim must include a short, plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Plaintiff must allege each element necessary to establish a prima facie claim to show that he is entitled to relief. *Hyde v. Storelink Retail Group*, Inc., 2007 WL 1831683, *3 (M.D. Fla. 2007). Plaintiff's claims fail if he is unable to establish a prima facie case. *Pace v. Southern Ry. Sys.*, 701 F. 2d 1383 (11th Cir. 1983). Plaintiff's failure to set forth factual allegations that support a prima facie case, providing Defendant with adequate notice of the claim and the grounds that support it, is fatal to his claims and the Complaint is properly dismissed. *Hyde*, 2007 WL 1831683 *4 (M.D. Fla. 2007).

#### B. Plaintiff is barred from asserting a claim for Unjust Enrichment because an Express Contract exists between Plaintiff and PGAC.

Florida law allows for breach of contract and unjust enrichment claims to be plead in the alternative. *See Baptist Hosp. of Miami, Inc.* v. *Medica Healthcare Plans, Inc.,* 385 F. Supp. 3d

1289, 1293 (S.D. Fla. 2019). However, upon a showing that an express contract exists between the parties, an unjust enrichment claim fails. *See In Re Horizon Organic Milk Plus DHA Omega-3 Mktg. & Sales Practice Litig.,* 955 F. Supp. 2d 1311, 1337 (S.D. Fla. 2013); *see also William Ryan Homes Fla., Inc. v. Whitney Nat'l Bank,* No. 8:12-CV-1575-T-33TGW, 2012 WL 4328769, at *5 (M.D. Fla. Sept. 30, 2012) (finding that because "the parties do not contest (1) that a valid contract exists between William Ryan Homes and Whitney National Bank and (2) that the instant dispute arises out of this contractual relationship," the plaintiff could not also assert a claim for unjust enrichment).

In her Amended Complaint, Plaintiff only pleads one count for Unjust Enrichment against PGAC. This case is not one where an unjust enrichment claim is pled in the alternative. As such, Plaintiff is barred from asserting such a claim because Plaintiff's allegations in her Amended Complaint has shown that an express contract exists between Plaintiff and PGAC. *See In Re Horizon Organic Milk Plus DHA Omega-3 Mktg. & Sales Practice Litig.,* 955 F. Supp. 2d 1311, 1337 (S.D. Fla. 2013). The Plaintiff's PGAC application constitutes an express contract and may be considered by this Court in determining PGAC's Motion to Dismiss. The court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005).

Plaintiff's communications and application for her policy with PGAC was done via her application, which makes it central to her Unjust Enrichment Claim. It is undisputed that Plaintiff filled out an application for coverage and ultimately entered into a *contract period* with PGAC from February 5, 2018 to August 5, 2018, which she admittedly renewed for one six-month term covering August 5, 2018 to February 5, 2019.[19] Plaintiff's Amended Complaint further states that Plaintiff's PGAC application indicates that it "includes the purchase of the following product(s) provided by Nation Safe Drivers (NSD): Motor Club."[20] Plaintiff also admits that PGAC charged her $10 per month for this membership, which is reflected on the monthly invoices sent to Plaintiff by PGAC.[21]

---

[19] *See* Amended Complaint, ¶ 20, 31, 32, [ECF No. 17].
[20] *See* Amended Complaint, ¶ 20, [ECF No. 17]; *see* Ex. A.
[21] *See* Amended Complaint, ¶ 1, [ECF No. 17].

Plaintiff executed the application on four separate pages.[22] Filling out and executing an application and agreeing to purchase an insurance policy referencing a certain motor club fee and being charged for the policy and accompanying fee evidences an express contract. *See Equitable Life Assur. Soc. Of the U.S. of America v. McRee,* 75 Fla. 257, 78 So. 2dd (Fla. 1918)(holding that a life insurance policy becomes a completed contract upon delivery on payment of first premium in the state where first premium is paid and policy delivered). The Court should therefore hold that a valid contract exists between Plaintiff and PGAC and that the instant dispute, whether Plaintiff agreed to pay the motor club fee, does arise out of such contractual relationship. The Court should therefore dismiss Plaintiff's Unjust Enrichment Claim against PGAC.

### C. **Plaintiff has failed to state a claim for Unjust Enrichment because PGAC has paid for the $10 benefit conferred upon it by Plaintiff.**

To survive a motion to dismiss, a claim for unjust enrichment must allege: (1) the plaintiff has conferred a benefit on the defendant, who has knowledge thereof; (2) the defendant has voluntarily accepted and retained the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff. *Tooltrend, Inc. v. CMT Utensili, SRL,* 198 F.3d 802, 805 (11th Cir.1999).

Plaintiff has failed to state a claim for Unjust Enrichment by failing to properly plead that it would be inequitable and unjust for PGAC to retain its profit percentage of the $10 monthly fee charged to Plaintiff for the motor club membership. The Plaintiff's general statement that it would be "inequitable and unjust for Defendants to retain such ill-gotten gains" is insufficient. The Plaintiff does not dispute that she retained the benefit of a motor club membership and therefore cannot allege that PGAC has not "paid the value" for the $10 benefit conferred upon it by the Plaintiff. PGAC has paid for the value of the benefit conferred upon it by Plaintiff in the form of a motor club membership. Accordingly, Plaintiff has not sufficiently pled his Unjust Enrichment Claim and Count I of Plaintiff's Amended Complaint should be dismissed on these grounds as well.

### D. **Plaintiff's Class Action Allegations should be stricken for failure to comply with Local Rule 23.1(B)(2)(A).**

---

[22] *See* Ex. A.

Rule 23.1 of the United States District Court for the Southern District of Florida, *titled Class Actions,* states as follows:

> "In any case sought to be maintained as a class action:
> (a) The pleading shall bear next to its caption the legend "Class Action."
> (b) The pleading shall contain under a separate hearing, styled "Class Action Allegations."
>     (1) A reference to the portion or portions of Federal Rule of Civil Procedure 23 under which it is claimed that the suit is properly maintainable as a class action.
>     (2) Appropriate allegations thought to justify such claim, including, but not necessarily limited to:
>         (A) **The size (or approximate size) and definition of the alleged class** . . . ."[23]

As evident above, Local Rule 23.1 makes it abundantly clear that Plaintiff must state appropriate allegations to justify her class action claim in the pleading stage, including stating the size or approximate size of the alleged class she seeks to certify. The only reference to the size of the class Plaintiff seeks to certify is found in Paragraph 39 of the Amended Complaint, which states that "the class is so numerous that it would be impracticable to join all affected class members in a single action."[24] Such allegations does not state any size, actual or approximate, as required in a properly pled pleading pursuant to Local Rule 23.1. As such, Plaintiff's Class Action Allegations should be stricken for failure to comply with pleading requirements pursuant to Local Rule 23.1.

### E. Plaintiff's Prayer For Relief Seeking Class Certification and finding that Plaintiff is an Appropriate Representative of the Class should be Stricken as premature.

Federal Rule of Civil Procedure 23 instructs that a district court "must-at an early practicable time—determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(A). In some instances, the propriety *vel non* of class certification can be gleaned from the face of the pleadings. *See, e.g., Jackson v. Motel 6 Multipurpose, Inc.,* 130 F. 3d 999, 1006 (11th Cir. 1997)(concluding that Rule 23(b)(3)'s predominance requirement could not be satisfied, and that such failure was "readily apparent from a reading of the . . . .complaint"). However, precedent counsels that the parties' pleadings alone are often not sufficient to establish

---

[23] *See* Local Rule 23.1 of the United States District Court for the Southern District of Florida.
[24] *See* Amended Complaint, ¶ 39 [ECF No. 17].

whether class certification is proper, and the district court will need to go beyond the pleadings and permit some discovery and/or evidentiary hearing to determine whether a class may be certified. *See Mills v. Foremost Ins. Co.,* 511 F. 3d 1300 (11th Cir. 2008).

Plaintiff's Prayer for Relief[25] that this Court certify this action as a class action, and that the Court find and conclude that Plaintiff is an appropriate representative for the Class is premature at this time and should be stricken. As stated above, Plaintiff fails to meet, much less prove by a preponderance of the evidence, the numerosity requirement of Federal Rule of Civil Procedure 23. Should this Court deny PGAC's Motion to Dismiss Count I of Plaintiff's Amended Complaint and fail to Strike its Class Action Allegations, it should at the very least strike Plaintiff's Prayer For Relief in Paragraph a and permit the parties to engage in discovery and/or evidentiary hearing to determine whether to certify Plaintiff's Action as a class action after Plaintiff files an appropriate motion seeking to certify this action as a class action.[26]

### F. Plaintiff's irrelevant, immaterial and redundant allegations regarding PGAC and unrelated to Plaintiff or this matter should be stricken.

Rule 12(f) of the Federal Rules of Civil Procedure permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  The Middle District of Florida has held that in "[i]n evaluating a motion to strike, the Court must treat all well pleaded facts as admitted and cannot consider matters beyond the pleadings." *Fla. Software Sys., Inc.*, No. 97-2866-CIV-T-17B, 1999 WL 781812, at *1. Under this standard, a defense is considered sufficient such that it survives a Rule 12(f) motion to strike if the defense "puts into issue relevant and substantial legal and factual questions." *Id.*  Florida District Court precedent is clear that "[a] motion to strike is a drastic remedy, which is disfavored by the courts." *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (internal citations omitted).  As such, motions to strike are usually denied "unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Harty v. SRA/Palm Trails Plaza, LLC*, 755 F. Supp. 2d 1215, 1218 (S.D. Fla. 2010) (internal citations omitted).  If there is "any doubt as to whether under any

---

[25] *See* Amended Complaint, ¶ a [ECF No. 17].
[26] PGAC reserves the right to raise additional challenges to Plaintiff's request to certify this action as a class action upon conduction of additional discovery and/or evidentiary hearing and after Plaintiff files an appropriate motion seeking to certify this action as a class action.

contingency the matter may raise an issue, the motion should be denied." *Blake v. Batmasian*, 318 F.R.D. 698, 700 (S.D. Fla. 2017). Plaintiff's Amended Complaint continues to include an exhaustive litany of irrelevant, redundant and immaterial statements allegedly involving PGAC.

Moreover, Plaintiff includes these immaterial allegations, which are offensive to all parties involved, and which serves no purpose other than to harass and prejudice PGAC by filing irrelevant and unproven accusations improperly generalizing a well-established corporate entity's culture and identity; all on display in the public records. Specifically, paragraphs 11 through 18 and paragraphs 23 through 24 contains unfounded accusations against PGAC, including that it targets and takes advantage of consumers with troubled credit histories, that it has implemented a wide spread deceptive scheme and violated Florida law and regulation governing the sale of insurance (if such were the case, Plaintiff would surely not be suing PGAC for Unjust Enrichment). This type of conduct in legal proceedings serves no one in a positive manner, does not tend to prove or support any of Plaintiff's allegations, and should be stricken by the Court. Rule 12(f) of the Federal Rules of Civil Procedure provides, in pertinent part, that upon motion made by a party, "[t]he court may strike from a pleading … any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Such a motion should be granted if the material is wholly irrelevant and can have no bearing on the equities and no influence on the decision. *Upland Development of Central Florida, Inc. v. Bridge,* 910 So. 2d 942 (Fla. 5th DCA 2005). Pleadings subject to this rule have been referred to as "shotgun pleadings" because they "inevitably begin with a long list of general allegations, most of which are immaterial to most of the claims for relief." *Johnson Enterprises of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F. 3d 1290, 1333 (11th Cir. 1998). As the district court cautioned in *FPL Group, Inc.,* "If the trial judge does not quickly demand repleader, all is lost - extended and largely aimless discovery will commence, and the trial court will soon be drowned in an uncharted sea of depositions, interrogatories, and affidavits." *Id.*; *see also Franceschini v. Allstate Floridian Insurance Company*, 2007 WL 646957 (M.D. Fla. Feb. 27, 2007) (when the allegations are prejudicial to the opposing party, and irrelevant to the asserted claims, they should be stricken); *see also Slone v. Judd*, 809-CV-1175-T-27TGW, 2009 WL 5214984, at *2 (M.D. Fla. Dec. 29, 2009) (granting in part a motion to strike under Rule 12(f) where the plaintiff made factual and legal allegations in her Complaint that were not supported by the law under which the plaintiff brought her claims). In light of the foregoing, the Court should strike the

immaterial allegations contained in paragraphs 11 through 18 and 23 through 24 of the Amended Complaint pursuant to Rule 12(f), Fed. R. Civ. P., as redundant, immaterial, impertinent, or scandalous allegations.

## IV.   CONCLUSION

For the foregoing reasons, Count I of Plaintiff's Amended Complaint should be dismissed due to the existence of an express contract and Plaintiff's failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Class Action Allegations stricken for violating pleading requirements of Local Rule 23.1, Paragraph a of Plaintiff's Prayer for Relief seeking certification of this action as a class action stricken as premature and as such relief is premature at this stage of the proceedings.

WHEREFORE, Defendant, PGAC, respectfully requests that this Honorable Court enter an order granting this Motion to Dismiss Count I of Plaintiff's Amended Complaint, striking Plaintiff's Class Action Allegations, Paragraph a of Plaintiff's Prayer for Relief and the allegations contained in Paragraphs 11 through 18 and 23 through 24, and granting such further relief as the Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of January 2021 the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day to James M. Terrell, Esq., Methvin, Terrell, Yancey, Stephens & Miller, P.C., 2201 Arlington Avenue South, Birmingham, AL 35205 at jterrell@mtattorneys.com, attorneys for Plaintiff, in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

By:   /s/ *Audrey-Jade Salbo*
Reginald J. Clyne, Esq.
Florida Bar No.: 654302
Audrey-Jade Salbo, Esq.
Florida Bar No.: 119370

QUINTAIROS, PRIETO, WOOD &
BOYER, P.A.
*Attorneys for Defendant, Permanent
General Assurance Corp*
9300 S. Dadeland Blvd., 4th Floor
Miami, FL 33156
Tel: (305) 670-1101
Fax: (305) 670-1161
Email: rclyne.pleadings@qpwblaw.com
Reginald.clyne@qpwblaw.com
audrey-jade.salbo@qpwblaw.com
stephanie.clavijo@qpwblaw.com
Cecilia.quevedo@qpwblaw.com