IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO: 9:20-cv-81979-WPD

| | |
|---|---|
| PRINITA FINLEY, Individually and On behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| PERMANENT GENERAL ASSURANCE CORP. and NATION SAFE DIVERS SERVICES, INC. | ) ) ) ) |
| Defendants. | ) ) ) |

## DEFENDANT NATION SAFE DRIVERS' MOTION TO DISMISS AMENDED COMPLAINT

Defendant Nation Motor Club, LLC d/b/a Nation Safe Drivers ("NSD"), through undersigned counsel, pursuant to Fed. R. Civ. P. 12(b)(6), hereby files its Motion to Dismiss Plaintiff's Amended Class Action Complaint ("Complaint") and in support states:

### Introduction

Plaintiff fails to state a claim against NSD on which relief can be granted. According to Plaintiff's Complaint, when Plaintiff purchased auto insurance from Defendant Permanent General Assurance Corp. ("Permanent General"), Permanent Generally "unilaterally" sold her an NSD motor club contract and imposed a monthly fee for the motor club membership. Plaintiff acknowledges that her insurance application disclosed the NSD motor club, that her monthly bills assessed the motor club payments, and that a written contract between her and NSD exists bearing her electronic signature. Nevertheless, because she allegedly does not recall agreeing to that contract, Plaintiff asserts FDUTPA and unjust enrichment claims against NSD, alleging that NSD

was part of a scheme to sell motor club memberships to Permanent General's insurance customers without those customers realizing that they purchased the motor club membership or were entitled to its benefits. Plaintiff claims to sue on behalf of a class of individuals, the approximate number of which she cannot identify, who purchased auto insurance from Permanent General and were assessed a motor club fee, regardless of whether they agreed to a motor club contract, did not agree to a motor club contract or, like Plaintiff, do not remember agreeing (but do not deny that they agreed to) a motor club contract.

Plaintiff fails to allege *any* conduct by NSD, deceptive or otherwise. Plaintiff's Complaint shows that NSD never sold her anything, charged her for anything or, indeed, had any interaction with her at all. Plaintiff's conclusory allegation that NSD was part of a purported plot, without a single supporting fact, is insufficient to support a claim for violation of FDUTPA or unjust enrichment.

Moreover, Plaintiff fails to allege the causation necessary to maintain a FDUTPA claim. Plaintiff asserts that she does not recall agreeing to a motor club contract, but Plaintiff's Complaint shows that she was made aware of the motor club membership and its attendant benefits, along with Plaintiff's right to cancel it, through the insurance application, monthly invoices and motor club contract. These documents negate her allegation that she was deceived into paying the motor club fee.

Other than bald accusations, Plaintiff also fails to explain how it is unjust for NSD to retain its alleged portion of Plaintiff's motor club payments, when Plaintiff admittedly received a motor club membership and retained its benefits (which are spelled out in the written contract). Moreover, Plaintiff cannot maintain an unjust enrichment claim because an express contract exists.

For these reasons, set forth in detail below, Plaintiff's Amended Complaint should be dismissed.

### **Plaintiff's Amended Complaint**

Plaintiff complains about the manner in which Defendant Permanent General sold her an NSD motor club membership. Plaintiff claims that when she purchased auto insurance from Permanent General, Permanent General also imposed a monthly fee for a motor club membership with NSD, even though Plaintiff did not request a motor club membership and does not recall agreeing to buy a motor club membership. Amended Complaint ("Compl.") at ¶¶ 31-33. Permanent General then continued to bill Plaintiff monthly for the motor club. *Id.* at ¶ 35.

Plaintiff acknowledges the existence of a written motor club contract. *Id.* at ¶¶ 31-33. Although Plaintiff does not expressly deny that she agreed to the motor club membership, she disputes its validity because she does not remember agreeing to it. *Id.* According to Plaintiff's Complaint, along with the acknowledged contract, Plaintiff's insurance application with Permanent General and monthly invoices from Permanent General disclosed that she was purchasing and paying for the motor club membership. *Id.* at ¶¶ 20, 35. Nevertheless, Plaintiff alleges that she was not aware of either the purchase or the benefits of the membership. *Id.* at ¶22. Plaintiff also alleges that, although she renewed her auto insurance, she did not renew her motor club membership, but Permanent General continued to charge her for the motor club membership for an additional six months after its initial term had expired. *Id.* at ¶ 2. Plaintiff claims alternately that the motor club membership was "worthless" or that the charge for the motor club was "excessive" because Permanent General could have offered its customers similar benefits for less. *Id.* at ¶¶ 21, 28.

Although she sues NSD for FDUTPA violations and unjust enrichment, Plaintiff fails to allege *any* conduct by NSD.  Rather, her Complaint is focused entirely on Permanent General, which is the entity that sold her the motor club membership and the entity to which she paid the motor club monthly fees. *See, e.g.,* Compl. at ¶1 ("This action challenges an improper course of conduct whereby *Permanent General* automatically and unilaterally assesses non-standard insureds for a highly profitable "motor club" membership.")(Emphasis added.); *id.* at ¶ 19 ("This action challenges *Permanent General's* ongoing and systematic practice of unilaterally and deceptively deducting these fees from insureds for a bogus "motor club" product . . . .")(Emphasis added.); *id.* at ¶20 ("*Permanent General* routinely assesses its insureds an additional fee for purported 'motor club' coverage which is not requested by the insured, and which is not adequately disclosed to the consumer.")(Emphasis added.); *id.* at ¶30 ("*Permanent General's* automatic and deceptive practice of charging and collecting 'motor club' fees on automobile policies sold by Permanent General . . .")(Emphasis added.); *id.* at ¶35 ("Plaintiff continued to be charged the 'motor club' fee on her monthly invoices with *Permanent General*")(Emphasis added.); *id.* at ¶36 ("Defendant *Permanent General* improperly and deceptively charged and collected from Plaintiff excessive fees for NSD's 'motor club.'"")(Emphasis added.)

As to NSD, Plaintiff asserts only unsupported, conclusory allegations that NSD and Permanent General together implemented a scheme to sell the motor club to Permanent General's customers. *See id.* at ¶¶ 14, 15 ("Permanent General and NSD, implemented a wide-spread deceptive scheme to improperly obtain additional revenues" and "Permanent General and NSD collected these additional fees through their deceptive and improper conduct and were unjustly enriched by the receipt of these fees").  However, as to NSD's role in this supposed scheme, Plaintiff alleges solely that "Defendant NSD services the 'motor club' that Permanent General's

insureds were automatically charged to be a member of." *Id.* at ¶6. NSD is not alleged to have sold any product to Plaintiff, made any representation or omission to Plaintiff to obtain her agreement to the motor club contract, or to have breached any obligation arising from its motor club contract with Plaintiff.

Additionally, although the basis of Plaintiff's complaint is that Permanent General deceived her into paying for a motor club product that she knew nothing about, Plaintiff's allegations, along with her application, motor club contract and the invoices for the motor club, establish that that Permanent General repeatedly provided notice of the motor club membership. First, as alleged in the Complaint, "Plaintiff's application indicates that it 'includes the purchase of the following product(s) provided by Nation Safe Drivers (NSD): Motor Club.'" *Id.* at ¶ 20.

Second, although Plaintiff states that she "has no recollection of" the contract, Plaintiff is aware of a written contract between her and NSD, which she relies on in asserting her claim. *Id.* at ¶26. Because Plaintiff fails to attach the contract to her Complaint, NSD attaches it here as Exhibit 1. *See Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997)("[W]here the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal."); *MacSweeney v. ING Life Ins. & Annuity Co.*, 2011 WL 4839086, at *3 (S.D.N.Y. Oct. 12, 2011) (court may consider document not specifically incorporated in the complaint, but on which the complaint relies, particularly when the non-movant either had the document in its possession or knew of the document when bringing suit). As demonstrated by the motor club contract, Plaintiff was aware that the motor club provided numerous, specific benefits to Plaintiff, including emergency roadside assistance, towing and rental car reimbursement. *See* Exhibit 1. As also admitted in the Complaint and demonstrated by

5

the contract, Plaintiff was entitled to cancel her motor club membership within thirty days for a full refund if she actually did not want the membership.  *Id.*

Third, according to Plaintiff, Permanent General billed her monthly for the motor club contract.  Compl. at ¶ 33.  Permanent General's first monthly invoice to Plaintiff, dated February 8, 2018, expressly and separately sets out the motor club fee.  *See* Exhibit 2.  *See Brooks*, 116 F. 3d at 1369 (court may consider documents central to plaintiff's claim as part of the pleadings).  Plaintiff paid the initial monthly $10 membership fee, rather than cancel the contract and obtain a refund.  Compl. at ¶26; *see also* Exhibit 1 at ¶H.

### Standard of Review

"To survive a motion to dismiss [pursuant to Federal Rule of Civil Procedure 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly* 550 U.S. 544, 556 n.3 (2007)).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  Fed. R. Civ. P. 8(a) requires a short and plain statement of the claim that fairly notifies a defendant of both the claim and its supporting grounds and "a 'showing' [is required,] rather than a blanket assertion, of entitlement to relief."  *Twombly* 550 U.S. at 556 n.3.  In setting forth a claim, the party's obligation to "provide the grounds of his entitlement to relief requires more than labels and conclusions and a formulaic recitation of the elements of a cause of action will not do."  *Id.* at 555 (internal citations omitted).  Thus, although the court must accept all allegations of fact as true, legal conclusions couched as factual assertions and unwarranted deductions of fact are not entitled to such a presumption.  *Iqbal*, 129 S. Ct. at 1940; *see also Lambert v. United States,* 198 Fed. Appx. 835, 838 (11th Cir. 2006).  "[I]f allegations are indeed more conclusory than factual,

then the court does not have to assume their truth." *Northstar Moving Holding Co., Inc. v. Northstar Movers*, 2020 WL 3303972, at *2 (S.D. Fla. Jan. 7, 2020). Applying these standards, dismissal is appropriate here.

## Argument

I. **Plaintiff Fails to State a Claim Under FDUTPA.**

To assert a claim under FDUTPA, a plaintiff must allege: (1) a deceptive act or unfair practice in the course of trade or commerce; (2) causation; and (3) actual damages. *BPI Sports, LLC v. Labdoor, Inc.*, 2016 WL 739652, at *4 (S.D. Fla. Feb. 25, 2016). Plaintiff's FDUTPA claim must be dismissed as a matter of law because she fails to allege either a deceptive act by NSD or how the Defendants' alleged acts caused her damages.

   **A. Plaintiff Fails to Allege Any Deceptive Act by NSD.**

First, Plaintiff fails to allege a deceptive or unfair practice by NSD. "To determine whether an act is deceptive or unfair, Florida law employs an objective test: whether 'the alleged practice was likely to deceive a consumer acting reasonably in the same circumstances'…" *Vazquez v. General Motors, LLC*, 2018 WL 447644, *6 (S.D. Fla. 2018), *quoting Carriuolo v. Gen. Motors Co.*, 823 F.3d 977, 983-84 (11th Cir. 2016); *see also Molina v. Aurora Loan Services, LLC*, 635 Fed. Appx. 618, 627 (11th Cir. 2015). Where, as here, a FDUTPA claim sounds in fraud, Fed. R. Civ. P. 9(b)'s heightened pleading standards apply. *Vazquez*, 2018 WL 447644, at *6; *Maale v. Kirchgessner*, 2010 WL 11506030, *4 (S.D. Fla. Apr. 9, 2010)(Dimitrouleas, J.)(dismissing FDUTPA claim because Plaintiff's general allegations failed to meet requirements of Rule 9(b)). "Rule 9(b) is only satisfied if the complaint states: (1) precisely what… omissions were made, and (2) the time and place of each statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they

misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." *Vazquez*, 2018 WL 447644, at *6, *quoting Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997).

Plaintiff's Complaint fails to allege *any* statement or omission by NSD, let alone the time, place or content. Rather, Plaintiff's Complaint focuses solely on Permanent General's purported conduct. As alleged, Permanent General is the only defendant that made any representations to Plaintiff or collected any money from Plaintiff. *See, e.g.,* Complaint at ¶5 ("Permanent General is the company that assessed the improper 'motor club' fees challenged in this action…"); ¶15 ("[t]his action challenges Permanent General's ongoing and systemic practice of unilaterally and deceptively deducting these fees from insureds for a bogus 'motor club' product…"). In fact, Plaintiff fails to allege any conduct or involvement by NSD at all in Plaintiff's process of procuring the motor club contract. Plaintiff likewise fails to allege that NSD had any duty make any disclosure during that process. *See In re Crown Auto Dealerships, Inc.*, 187 B.R. 1009, 1017 (Bankr. M.D. Fla. 1995)(failure to disclose information may only constitute fraud in circumstances in which there is a duty to disclose that information).[1]

Plaintiff's conclusory allegations that "Permanent General and NSD" engaged in a deceitful scheme, which improperly lump the defendants together, are insufficient to survive a motion to dismiss. *See Maale v. Kirchgessner*, 2010 WL 11506030, *4 (S.D. Fla. Apr. 9, 2010)(Dimitrouleas, J.)(dismissing FDUTPA claim because Plaintiff's general allegations

---

[1] Plaintiff's FDUTPA claim asserts that NSD did not adequately disclose the benefits available under the motor club and collected amounts for and profited from the motor club membership, but NSD had no alleged interaction with Plaintiff or any duty to disclose information to her separately from or beyond the information she received from Permanent General. Plaintiff also alleges that NSD violated FDUTPA by locking customers into the membership, but admits that the acknowledged motor club contract allows customers to cancel for a refund within 30 days and does not allege that NSD breached this provision. Compl. at ¶ 26.

improperly lumped defendants together and failed to meet requirements of Rule 9(b)); *Aboujaoude v. Poinciana Dev. Co. II*, 509 F. Supp. 2d 1266, 1277 (S.D. Fla. 2007)("to proceed against an individual for a violation of FDUTPA, a plaintiff must allege that the individual was a 'direct participant' in the dealings"; dismissing FDUTPA claim because plaintiff "made general allegations against Reardon, but they do not specify his individual actions"). *See also Springman*, 439 Fed. Appx. at 865-66 (affirming dismissal of complaint lacking factual elaboration that was "'merely consistent with' the defendant's liability [but] 'stops short of the line between possibility and plausibility of entitlement to relief.'") (citations omitted).[2]

### B. Plaintiff Fails to Allege Causation.

Plaintiff also fails to allege causation. First, "[c]ausation must be direct, rather than remote or speculative." *Lombardo v. Johnson & Johnson Consumer Companies, Inc.*, 124 F. Supp. 3d 1283, 1290 (S.D. Fla. 2015) ("Defendants' allegedly deceptive pricing practices are too remote and speculative… Defendants themselves do not set the retail prices of the Products; rather, they make price suggestions to retailers, who ultimately set the prices"). Plaintiff fails to allege how

---

[2] Even if Rule 9(b) did not apply, Plaintiff's unsupported allegations, which lump NSD and Permanent General together without describing any misconduct by NSD, fail to put NSD on "notice as to the claim being asserted against [it] and the grounds on which it rests," *Evans v. McClain of Ga., Inc.*, 131 F.3d 957, 964 n. 2 (11th Cir. 1997), as required by Fed. R. Civ. P. 8. "While plaintiffs need not include detailed factual allegations, they must plead more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Mamani v. Berzain*, 654 F.3d 1148, 1153-54 (11th Cir. 2011) (reversing order denying motion to dismiss claims that were replete with "[l]egal conclusions without adequate factual support") (internal citations and quotations omitted). *See also Springman v. City of Venice*, 439 Fed. Appx. 861, 865-66 (11th Cir. 2011) (affirming dismissal of complaint lacking factual elaboration that was "'merely consistent with' the defendant's liability [but] 'stops short of the line between possibility and plausibility of entitlement to relief.'") (citations omitted); *NorthStar Moving Holding Co., Inc. v. Northstar Movers,* 2020 WL 3303972, *2 (S.D. Fla. Jan. 7, 2020)(Dimitouleas, J.)("Plaintiff's failure to separately allege facts and claims as to each of these Defendants violates Rule 8 and *Twombly/Iqbal*, requiring dismissal of the Amended Complaint without prejudice.").

NSD, as opposed to Permanent General, caused Plaintiff to be deceived into paying for the motor club.

Second, to prove causation, a plaintiff must show "that an objectively reasonable person would have been deceived.'" *In re McCormick & Company, Inc., Pepper Products Marketing and Sales Practices Litigation*, 422 F. Supp. 3d 194, 260 (D.D.C. 2019). Florida courts have routinely concluded that a party may not recover in fraud for an alleged false statement or omission when he is aware of the truth because it is subsequently revealed in the written documents between the parties. *See Dixon v. Countrywide Home Loans, Inc.*, 710 F. Supp. 2d 1325, 1331 (S.D. Fla. 2010) (Dimitouleas, J.)(dismissing FDUTPA claim because "Plaintiff cannot establish reasonable reliance when the purported misrepresentations that serve as the basis for Plaintiff's fraud claims are contradicted by the express terms of the loan documents"); *Degirmenci v. Sapphire-Fort Lauderdale, LLLC*, 693 F. Supp. 2d 1325 (S.D. Fla. 2010) ("Plaintiff's own failure to read the contract cannot give rise to a viable cause of action); *Chicken Unlimited, Inc. v. Bockover*, 374 So. 2d 96, 97 (Fla. 2d DCA 1979) (plaintiff's deceptive trade practices claim failed because he knew of the possible falsity of those statements which he later claimed were misrepresentations). *See also Maor v. Dollar Thrifty Automotive Group, Inc.*, 2018 WL 4698512, 8 (S.D. Fla. 2018) ("Plaintiff is unable to satisfy the first element of his FDUTPA claim… it is undisputed that the $15 administrative fee was disclosed prior to entering the rental contract").

Plaintiff cannot recall what she agreed to, but the Complaint and the documents it refers to establish that: Plaintiff's application for the insurance policy disclosed that she was purchasing the motor club membership; Plaintiff was aware of a membership contract between her and NSD, which discloses the benefits of the motor club, the cost and Plaintiff's right to cancel; and Permanent General billed Plaintiff for the motor club within the cancellation period. The insurance

application, motor club contract and invoice – which Plaintiff apparently failed to read -- undermine Plaintiff's claim that a reasonable person would have been deceived by Defendants' alleged conduct. *See Picktown Foods, LLC v. Tim Hortons USA, Inc.*, 2017 WL 9854073, at *9 (S.D. Fla. Nov. 8, 2017) (dismissing FDUTPA claim where on the face of the pleading it was clear defendant did not omit material information); *Dixon*, 710 F. Supp. 2d at 1332 ("even if it were true that Plaintiff did not review the [challenged document] until after closing, such an admission further undermines Plaintiff's fraud-based claims as this negates Plaintiff's ability to allege the remaining elements—inducement, reliance or damages").

## II.     Plaintiff Fails to State a Claim For Unjust Enrichment.

### A. Plaintiff Fails to Allege That It Would Be Inequitable for NSD To Retain the Motor Club Payments.

An unjust enrichment claim requires allegations that: (1) a benefit was conferred upon the defendant by the plaintiff, (2) an appreciation by the defendant of such benefit, and (3) acceptance and retention of such benefit by the defendant under such circumstances that it would be inequitable for him to retain it without paying the value thereof. *Am. Safety Ins. Serv., Inc. v. Griggs*, 959 So. 2d 322, 331 (Fla. 5th DCA 2007).   Plaintiff alleges it was inequitable for NSD to retain her motor club fee because she had "little understanding" of the motor club's benefits and, therefore, was unlikely to use those benefits, but because NSD had no interaction with Plaintiff, based on Plaintiff's Complaint there is no basis for NSD to have known what she understood.  "). *See Springman*, 439 Fed. Appx. at 865-66 (affirming dismissal of complaint lacking factual elaboration that was "'merely consistent with' the defendant's liability [but] 'stops short of the line between possibility and plausibility of entitlement to relief.'") (citations omitted).

Moreover, Plaintiff's Complaint and Exhibits 1 and 2 establish that Plaintiff received a motor club contract and other documents that disclosed the motor club membership and specified

11

both the benefits available to her from NSD and her right to cancel the membership if she did not want those benefits. Plaintiff retained those benefits. Plaintiff does not allege that NSD breached the membership contract or otherwise would not have provided the motor club benefits stated therein. That Plaintiff made no use of the benefits, despite receiving disclosure about them, or that, according to Plaintiff, Permanent General would have charged less for similar benefits does not support a claim for damages against NSD. Moreover, although Plaintiff claims that the $10 per month fee was excessive because Permanent General could have provided similar benefits for less money, she also claims that NSD (the party that provided the benefits) received less than half her monthly fee to do so. Compl. at ¶¶ 16, 21. Therefore, there is no basis for her claim that NSD was unjustly enriched. "When a defendant has given adequate consideration to someone for the benefit conferred, a claim of unjust enrichment fails." *Griggs*, 959 So. 2d at 331–32. *See also OJ Commerce, LLC v. Ashley Furniture Indus., Inc.*, 359 F. Supp. 3d 1163, 1176 (S.D. Fla. 2018), *aff'd*, 817 F. App'x 686 (11th Cir. 2020)(dismissing unjust enrichment claim where plaintiff failed to allege that defendant did not pay the value of the benefit to plaintiff); *Kelly v. Palmer, Reifler, & Assocs., P.A.*, 681 F. Supp. 2d 1356, 1385 (S.D. Fla. 2010) ("money paid under a mistake of facts cannot be reclaimed, where the plaintiff has derived a substantial benefit from the payment").

### B. Plaintiff Cannot Assert an Unjust Enrichment Claim Because an Express Contract Exists.

Moreover, even if Plaintiff had otherwise stated a claim upon which relief could be granted, her unjust enrichment claim must be dismissed because the conduct addressed in the unjust enrichment claim is covered by a contract between the parties. It is well established that "upon a showing that an express contract exists… [an] unjust enrichment… count fails." *State Farm Mut. Auto. Ins. Co.*, 427 Fed. Appx. 714, 722 (11th Cir. 2011), *quoting Williams v. Bear Stearns & Co.*, 725 So.2d 397, 400 (Fla. 5th DCA 1998); *see Zarella v. Pacific Life Ins. Co.*, 735 F. Supp. 2d 1218,

1227 (S.D. Fla. 2010) ("No cause of action in unjust enrichment can exist where the parties' relationship is governed by an express contract"); *see also Vazquez v. General Motors, LLC*, 2018 WL 447644, 7 (S.D. Fla. 2018) ("Because there is an express warranty governing the subject matter at issue here, Plaintiffs' unjust enrichment claims must be dismissed").

Although Plaintiff alleges that she has "no recollection" of the motor club contract and therefore disputes its validity, she does not actually deny that she agreed to it and she admits the existence of the agreement, which she apparently received. She also admits that her insurance application provided for the motor club membership. Compl. at ¶20. Therefore, Plaintiff had an express contract with Permanent General to purchase the motor club, along with her auto insurance. *See* Dkt. 27 (Permanent General's Motion to Dismiss) at 6-7. Accordingly, her unjust enrichment claim is misplaced.

Moreover, to the extent Plaintiff can maintain a cause of action under FDUTPA, her claim for unjust enrichment also fails because there is an adequate legal remedy available that is predicated on the same set of allegations. *American Honda Motor Co., Inc. v. Motorcycle Information Network, Inc.*, 290 F. Supp. 2d 1170, 1178 (M.D. Fla. 2005) (holding that the "claim is predicated on the same set of allegations supporting their claims under FUTSA and FDUTPA. Accordingly, because an adequate remedy exists at law, the Defendants have not stated a claim upon which relief may be granted for breach of contract implied in law (quasi contract, quantum meruit, or unjust enrichment)"); *see also Weaver v. Mateer and Harbert, P.A.*, 2012 WL 3065362, 11 (M.D. Fla. 2012) ("although Plaintiff may be entitled to plead in the alternative, that is not what Plaintiff has done in this case. Plaintiff's unjust enrichment claim relies on the factual predicate common to all its claims"), *affirmed in Weaver v. Mateer and Harbert, P.A.*, 523 Fed. Appx. 565, 569 (11th Cir. 2013); *see also Licul v. Volkswagon Group of America, Inc.*, 2013 WL 6328734, 7

13

(S.D. Fla. 2013) ("the court will dismiss Plaintiffs' claim for unjust enrichment… where the unjust enrichment claim relies upon the same factual predicates as a plaintiff's legal causes of action"); *see also Asphalt Paving Systems, Inc. v. Southern States Pavement Markings, Inc.*, 2019 WL 3816699, 11 (M.D. Fla. 2019).[3] Plaintiff's unjust enrichment claim alleges that "Defendants have been unjustly enriched by virtue of the improper business practices described herein," Complaint at ¶ 47, including "knowingly receiv[ing] money from Plaintiff and each member of the putative class through the charging and collection of the 'motor club' fee…" Complaint at ¶ 46. This is the same conduct that Plaintiff alleges to be deceptive under FDUTPA. *See* Complaint at ¶ 53.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the CM/ECF Portal to the following: James M. Terrell, Esq., Methvin, Terrell, Yancey, Stephens & Miller, P.C., 2201 Arlington Avenue South, Birmingham, AL 35205 at jterrell@mtattorneys.com, this 19th day of January, 2021.

> KASSERMAN WASSERMAN BENNARDINI & RUBINSTEIN
> Attorneys for Nation Safe Drivers Services, Inc.
> 7900 Glades Road, Suite 140
> Boca Raton, FL 33434
> Tel: 561-477-7774
> Fax: 561-477-7447
>
> By: /s/ Robert S. Hackleman
>     Robert S. Hackleman, Esq.
>     Florida Bar No. 284041
>     rhackleman@kwblaw.com

---

[3] Although the general rule that equitable remedies are not available under Florida law when adequate legal remedies exist does not apply to unjust enrichment claims, an exception exists and the rule does apply when the factual predicate for the unjust enrichment and legal claims are the same.

mdaugherty@kwblaw.com
Helaina Bardunias, Esq.
Florida Bar No. 565431
hbardunias@kwblaw.com