IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO: 9:20-CV-81979-WPD

DORINE L. CONNOR AND
MYRTLE E. PUGH, Individually and
On behalf of all others similarly situated,

    Plaintiffs,

v.

PERMANENT GENERAL ASSURANCE
CORP.,

    Defendant.
_____/

**DEFENDANT, PERMANENT GENERAL ASSURANCE CORP.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' THIRD AMENDED CLASS ACTION COMPLAINT**

Defendant, PERMANENT GENERAL ASSURANCE CORP. ("PGAC"), through its undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiffs', DORINE L. CONNOR ("Connor") and MYRTLE E. PUGH ("Pugh")(collectively, "Plaintiffs") Third Amended Complaint, and states that all averments not specifically admitted herein are denied, and further states as follows:

**INTRODUCTION**

1. PGAC denies the allegations in Paragraph 1 and demands strict proof thereof.

2. PGAC is without sufficient knowledge to admit or deny the allegations as set forth in Paragraph 2 and must therefore deny and demand strict proof thereof.

3. PGAC denies the allegations in Paragraph 3 and demands strict proof thereof.

4. PGAC denies the allegations in Paragraph 4 and demands strict proof thereof.

## PARTIES

5. PGAC denies the allegations in Paragraph 5 and demands strict proof thereof.

6. PGAC denies the allegations in Paragraph 6 and demands strict proof thereof.

7. The allegations in Paragraph 7 pertain to claims that were dismissed pursuant to the Court's Order on Permanent General Assurance Corp.'s Motion to Dismiss Counts I, II and IV of Plaintiff's Third Amended Complaint **[ECF 78].**

8. In response to Paragraph 8, PGAC admits only that it is a corporation organized under the laws of Wisconsin with its principal place of business at 2636 Elm Hill Pike, Nashville, TN 37214, but denies all remaining allegations and demands strict proof thereof.

## JURISDICTION AND VENUE

9. PGAC denies the allegations in Paragraph 9 and demands strict proof thereof.

10. PGAC denies the allegations in Paragraph 10 and demands strict proof thereof.

11. In response to Paragraph 11, PGAC admits only this Court has personal jurisdiction over PGAC but denies all remaining allegations and demands strict proof thereof.

## **FACTUAL BACKGROUND**

***Permanent General and "Non-Standard" Auto Insurance***

12. PGAC denies the allegations in Paragraph 12 and demands strict proof thereof.

13. PGAC denies the allegations in Paragraph 13 and demands strict proof thereof.

14. PGAC denies the allegations in Paragraph 14 and demands strict proof thereof.

***Plaintiffs Connor, Pugh and Lancaster Were Victims of Permanent General's Improper Premium Refund Scheme***

15. PGAC is without sufficient knowledge to admit or deny the allegations as set forth in Paragraph 15 and must therefore deny and demand strict proof thereof.

16. PGAC denies the allegations in Paragraph 16 and demands strict proof thereof.

17. PGAC denies the allegations in Paragraph 17 and demands strict proof thereof.

18. PGAC denies the allegations in Paragraph 18 and demands strict proof thereof.

***Plaintiffs Connor's and Pugh's Transactions with Permanent General***

19. PGAC is without sufficient knowledge to admit or deny the allegations as set forth in Paragraph 19 and must therefore deny and demands strict proof thereof.

20. PGAC denies the allegations in Paragraph 20 and demands strict proof thereof.

21. PGAC denies the allegations in Paragraph 21 and demands strict proof thereof.

22. PGAC is without sufficient knowledge to admit or deny the allegations as set forth in Paragraph 22 and must therefore deny and demands strict proof thereof.

23. PGAC denies the allegations in Paragraph 23 and demands strict proof thereof.

24. PGAC is without sufficient knowledge to admit or deny the allegations as set forth in Paragraph 24 and must therefore deny and demands strict proof thereof.

25. In response to Paragraph 25, PGAC admits only that Plaintiffs Connor and Pugh's policies have a Refund of Premium provision but denies all other allegations.

26. PGAC is without sufficient knowledge to admit or deny the allegations as set forth in Paragraph 26 and must therefore deny and demands strict proof thereof.

27. PGAC denies the allegations in Paragraph 27 and demands strict proof thereof.

28. PGAC denies the allegations in Paragraph 28 and demands strict proof thereof.

29. PGAC denies the allegations in Paragraph 29 and demands strict proof thereof.

30. PGAC denies the allegations in Paragraph 30 and demands strict proof thereof.

31. PGAC denies the allegations in Paragraph 31 and demands strict proof thereof.

32. PGAC denies the allegations in Paragraph 32 and demands strict proof thereof.

33. PGAC denies the allegations in Paragraph 33 and demands strict proof thereof.

***Plaintiff Lancaster's Transactions with Permanent General.***

34. The allegations in Paragraph 34-46 pertain to claims that were dismissed pursuant to the Court's Order on Permanent General Assurance Corp.'s Motion to Dismiss Counts I, II and IV of Plaintiff's Third Amended Complaint **[ECF 78].**

***Permanent General's Improper Premium Refund Scheme is Systematic and Widespread Across the United States.***

35. PGAC is without sufficient knowledge to admit or deny the allegations as set forth in Paragraph 47 and must therefore deny and demands strict proof thereof.

36. PGAC denies the allegations in Paragraph 48 and demands strict proof thereof.

37. PGAC denies the allegations in Paragraph 49 and demands strict proof thereof.

38. PGAC denies the allegations in Paragraph 50 and demands strict proof thereof.

39. PGAC denies the allegations in Paragraph 51 and demands strict proof thereof.

## CLASS ACTION ALLEGATIONS

40. PGAC is without sufficient knowledge to admit or deny the allegations as set forth in Paragraphs 52-53 and must therefore deny and demand strict proof thereof.

41. The allegations in Paragraph 54 pertain to claims that were dismissed pursuant to the Court's Order on Permanent General Assurance Corp.'s Motion to Dismiss Counts I, II and IV of Plaintiff's Third Amended Complaint **[ECF 78].**

42. PGAC is without sufficient knowledge to admit or deny the allegations as set forth in Paragraphs 55 and must therefore deny and demand strict proof thereof.

43. PGAC denies the allegations in Paragraphs 56-62 and demands strict proof thereof.

### COUNT I
### BREACH OF CONTRACT

44. In response to Paragraph 63, PGAC adopts and restates its response to Paragraphs 1 through 62 as if fully set forth herein.

45. PGAC denies the allegations in Paragraphs 64 – 70 and demands strict proof thereof.

### COUNT II
### RESTITUTION/UNJUST ENRICHMENT OF UNLAWFUL PENALTY
### (on behalf of the Florida subclass)

46. In Response to Paragraph 71, PGAC adopts and restates its response to Paragraphs 1 through 62 as if fully set forth herein.

47. PGAC denies the allegations in Paragraphs 72-74 and demands strict proof thereof.

### COUNT III –RESTITUTION/UNJUST ENRICHMENT OF UNLAWFUL PENALTY
### (on behalf of the California subclass)

48. In response to Paragraph 75, PGAC adopts and restates its response to Paragraphs 1 through 62 as if fully set forth herein.

49. The allegations in Paragraphs 76 – 78 pertain to claims that were dismissed pursuant to the Court's Order on Permanent General Assurance Corp.'s Motion to Dismiss Counts I, II and IV of Plaintiff's Third Amended Complaint **[ECF 78].**

## COUNT IV—UNLAWFUL, UNFAIR AND FRAUDULENT BUSINESS PRACTICES
### (Cal. Bus. & Prof. Code S 17200, *et seq.*)
### (on behalf of the California subclass)

50. In response to Paragraph 79, PGAC adopts and restates its response to Paragraphs 1 through 78 as if fully set forth herein.

51. The allegations in Paragraphs 80 - 88 pertain to claims that were dismissed pursuant to the Court's Order on Permanent General Assurance Corp.'s Motion to Dismiss Counts I, II and IV of Plaintiff's Third Amended Complaint **[ECF 78].**

## PRAYER FOR RELIEF

PGAC denies any and all allegations contained in Plaintiffs' Prayer for Relief in Paragraphs A – I.

## AFFIRMATIVE DEFENSES

For its First Affirmative Defense, PGAC states that Plaintiff Connor's claims fail to state facts sufficient to constitute a cause of action against PGAC.

For its Second Affirmative Defense, PGAC states that Plaintiff Pugh's claims fail to state facts sufficient to constitute a cause of action against PGAC.

For its Third Affirmative Defense, PGAC states that it did not breach its Contract with Plaintiff Connor and properly refunded 90% of the pro-rata unearned premium per the terms of the policy.

For its Fourth Affirmative Defense, PGAC states that it did not breach its Contract with Plaintiff Pugh and properly refunded 90% of the pro-rata unearned premium per the terms of the policy.

For its Fifth Affirmative Defense, PGAC states that Plaintiffs Connor and Pugh cannot allege an unjust enrichment claim against PGAC because they have an adequate remedy at law; their express written contract with PGAC.

For its Sixth Affirmative Defense, PGAC states that it has not been unjustly enriched.

For its Seventh Affirmative Defense, PGAC states that the requirement for the imposition of attorneys' fees against the Plaintiffs is satisfied in this case, and PGAC demands same.

For its Eighth Affirmative Defense, PGAC states that Plaintiffs Connor and Pugh are not appropriate representatives for their respective classes because they have been properly refunded per the terms of their policies. Plaintiff Connor had a change in coverage which led to a change in value of her premium.

For its Ninth Affirmative Defense, PGAC states that Plaintiffs have failed to meet the class action certification requirements outlined in Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23(b).

For its Tenth Affirmative Defense, PGAC states that Plaintiffs' claims are subject to set-off of the amount previously paid by PGAC to the Plaintiffs in the form of refunded premiums.

For its Eleventh Affirmative Defense, PGAC's actions were fully justified and privileged as a matter of law and, therefore, give rise to no claims against PGAC.

For its Twelfth Affirmative Defense, PGAC asserts that the Plaintiffs' claims, individually and/or as a class, do not meet the $75,000 or $5,000,000 threshold for Federal Court jurisdiction under 28 U.S.C. § 1332.

For its Thirteenth Affirmative Defense, PGAC asserts that it did not violate any subsection of Fla. Stat. § 627.7283.

For its Fourteenth Affirmative Defense, PGAC asserts that Plaintiffs are barred from bringing suit alleging violation of Fla. Stat. § 627.7283 because Plaintiffs failed to give the requisite 60-day notice to the Department of Insurance and to the insurer of their intent to bring a civil action as a result of an alleged violation of section 627.7283.

PGAC reserves the right to assert additional affirmative defenses based upon further discovery.

**WHEREFORE,** Permanent General Assurance Corp., respectfully requests that this Honorable Court enter judgment in its favor, award PGAC its attorney's fees and costs, and grant any further relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

PGAC hereby demands trial by jury as to all issues so triable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of December 2021, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on attorneys for Plaintiff, in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

By: /s/ *Audrey-Jade Salbo*
Reginald J. Clyne, Esq.
Florida Bar No.: 654302
Audrey-Jade Salbo, Esq.
Florida Bar No.: 119370
QUINTAIROS, PRIETO, WOOD &
BOYER, P.A.
*Attorneys for Defendant, Permanent General Assurance Corp*
9300 S. Dadeland Blvd., 4th Floor
Miami, FL 33156
Tel: (305) 670-1101
Fax: (305) 670-1161
Email: rclyne.pleadings@qpwblaw.com
audrey-jade.salbo@qpwblaw.com
jhoanna.carrascal@qpwblaw.com
cecilia.quevedo@qpwblaw.com