IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO: 9:20-CV-81979-WPD

DORINE L. CONNOR and MYRTLE E.
PUGH, Individually and on behalf
of all other similarly situated,

    Plaintiffs,

v.

PERMANENT GENERAL ASSURANCE
CORP.,

    Defendant.
_____/

## DEFENDANT, PERMANENT GENERAL ASSURANCE CORP.'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION FOR CLASS CERTIFICATION

Defendant, PERMANENT GENERAL ASSURANCE CORP. ("PGAC"), through its undersigned counsel, files this Memorandum of Law in Opposition to Plaintiffs', DORINE L. CONNOR ("Connor") and MYRTLE E. PUGH ("PUGH")(Collectively, "Plaintiffs"), Motion for Class Certification, as follows:

## MEMORANDUM OF LAW

To put Plaintiffs' Motion in proper perspective, it must be noted at the outset that any plaintiff faces a heavy burden in proving entitlement to class certification. To that end, there is a presumption *against* class certification, and any doubts about certification *must* be resolved in favor of the non-moving party:

> "The party seeking class certification has the burden of proof. And the entire point of a burden of proof is that, if doubts remain about whether the standard is satisfied, the party with the burden of proof loses. All else being equal, **the presumption is against class certification** because class actions are an exception to our constitutional tradition of individual litigation. … The party seeking class certification … must affirmatively demonstrate his compliance with Rule 23 by proving that

1

>the requirements are in fact satisfied. And the district court must conduct a *rigorous* analysis to determine whether the movant carried his burden…"

*Brown v. Electrolux Home Products, Inc.*, 817 F.3d 1225, 1233–34 (11th Cir. 2016) (reversing class certification where defendant allegedly failed to disclose product defect in advertisements) (emphasis added; citations and internal quotations omitted); *see also Donoff v. Delta Air Lines, Inc.,* No. 18-81258-CIV, 2020 WL 3268272, at *1 (S.D. Fla. Jan. 24, 2020 (class action is an "exception to the usual rule" that litigation is conducted by or on behalf of individual named parties only, and "burden of proof to establish the property of class certification rests with the advocate of the class"); *see also Ohio State Troopers Ass'n, Inc. v. Point Blank Enterprises, Inc.*, No. 18-CIV-63130, 2020 WL 5667766, at *4 (S.D. Fla. Aug. 24, 2020) (denying class certification after recognizing presumption against certification; finding that plaintiff's class definition was overbroad and that individualized issues predominated as to FDUTPA claim based on alleged defect in product). As such, Plaintiff's motion must be viewed within this frame work.

Plaintiffs have not met their burden and should not survive a rigorous Rule 23 analysis[1] by this Court. This Court should deny Plaintiff's Motion for Certification as Plaintiffs have failed to meet their burden with regard to the commonality, predominance, typicality, adequacy of representation and numerosity requirements under Federal Rule of Civil Procedure 23(a) and 23(b), as further detailed below.

### I.   **Plaintiffs have failed to meet the Commonality Element under Rule 23(a)(2).**

Plaintiffs' Breach of Contract (Count I) is inappropriate for class action treatment because it fails to meet the commonality element of Rule 23. The commonality requirement demands only that there be "questions of law or fact common to the class." Fed.R.Civ.P. 23(a)(2). For a breach of contract claim, Florida law requires the plaintiff to plead and establish: (1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting

---

[1] "A district court must conduct a rigorous analysis of the rule 23 prerequisites before certifying a class." *Castano v. Am. Tobacco Co.,* 84 F.3d 734, 740 (5th Cir.1996); *see also Martinez–Mendoza v. Champion Int'l Corp.,* 340 F.3d 1200, 1216 n. 37 (11th Cir.2003) (noting a trial court's "independent obligation [under Rule 23(c)(1)] to decide whether an action was properly brought as a class action").

from the breach. *See, e.g., Friedman v. N.Y. Life Ins. Co.,* 985 So.2d 56, 58 (Fla. 4th DCA 2008). To prove the existence of a contract, a plaintiff must plead: (1) offer; (2) acceptance; (3) consideration; and (4) sufficient specification of the essential terms. *St. Joe Corp. v. McIver,* 875 So.2d 375, 381 (Fla.2004) (citing *W.R. Townsend Contracting, Inc. v. Jensen Civil Constr., Inc.,* 728 So.2d 297, 302 (Fla. 1st DCA 1999)). It is to these elements that this Court must address the commonality and predominance inquiries, and Plaintiffs' Complaint fails on both points.

Plaintiffs have not shown commonality under a breach of contract theory because although all Plaintiffs are subject to the Provision G provision in PGAC's Policy Terms, not all Plaintiffs have a common contract. In fact, as evidenced by Connor and Pugh's PGAC Applications[2], all insureds are subject to different contracts. The PGAC application is the contract and satisfies PGAC's offer to insureds, an insured's acceptance of PGAC's offer and insureds' consideration via payment of the premium and the payment plan and identification of the insured vehicles and persons, constituting sufficient specification of the essential terms. The Application is also what is signed by the insured, not the policy terms. Additionally, even though Connor and Pugh allege they had a different interpretation of Provision G (despite their deposition testimonies stating that they did understand Provision G's refund provision), an insured's subjective understanding of how PGAC would provide unearned refunds is a crucial individualized fact to a breach of contract action. As such, just like the *Vega* plaintiff, Plaintiffs could not utilize identical evidence on behalf of every member of the class to prove offer, acceptance, consideration, or the essential terms. *See Vega v. T-Mobile,* 564 F.3d 1256 at 1272 (holding plaintiff did not satisfy commonality under a breach of contract theory because he could not allege the existence of a common contract under which T-Mobile employed all class members and as such, could not utilize identical evidence on behalf of every class member to prove offer, acceptance, consideration and essential terms).

## II. Plaintiffs have failed to meet the Predominance Element under Rule 23(b)(3).

In addition to satisfying the requirements in Rule 23(a), Plaintiffs seeking to certify a class must satisfy the requirements of at least one subsection of Rule 23(b). *Vega v. T–Mobile USA, Inc.,* 564 F.3d 1256, 1265 (11th Cir.2009). Plaintiffs seek to proceed pursuant to Rule

---

[2] **[ECF No. 82-2]; [ECF No. 82-3].**

23(b)(3) (Dkt. 33 at 12–16), "which additionally requires findings: (1) that common questions of law or fact predominate over questions affecting only individual class members ('predominance'); and (2) that a class action is superior to other available methods for adjudicating the controversy ('superiority')." *Vega,* 564 F.3d at 1265 (citations omitted).

"Whether an issue predominates can only be determined after considering what value the resolution of the class-wide issue will have in each class member's underlying cause of action." *Klay,* 382 F.3d at 1255 (quoting *Rutstein,* 211 F.3d at 1234). Even if the court can identify common questions of law or fact, however, "[t]he predominance inquiry ... is 'far more demanding' than Rule 23(a)'s commonality requirement." *Rutstein v. Avis Rent–A–Car Sys., Inc.,* 211 F.3d 1228, 1233 (11th Cir.2000) (quoting *Jackson,* 130 F.3d at 1005, which quotes, in turn, *Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 623–24, 117 S.Ct. 2231, 2250, 138 L.Ed.2d 689 (1997)). In practical terms, the Eleventh Circuit has described the test for predominance as follows:

> "Where, after adjudication of the classwide issues, plaintiffs must still introduce a great deal of individualized proof or argue a number of individualized legal points to establish most or all of the elements of their individual claims, such claims are not suitable for class certification under Rule 23(b)(3).... [I]f common issues truly predominate over individualized issues in a lawsuit, then the addition or subtraction of any of the plaintiffs to or from the class [should not] have a substantial effect on the substance or quantity of evidence offered. Put simply, if the addition of more plaintiffs to a class requires the presentation of significant amounts of new evidence, that strongly suggests that individual issues (made relevant only through the inclusion of these new class members) are important. If, on the other hand, the addition of more plaintiffs leaves the quantum of evidence introduced by the plaintiffs as a whole relatively undisturbed, then common issues are likely to predominate."

*Klay,* 382 F.3d at 1255 (quotations omitted).

Should this Court find that the policy terms constitute a binding contract which creates common issues of fact and law, Plaintiffs still fail to meet the stringent predominance requirement. Put simply, the addition of more members to the class Connor and Pugh seek to certify requires the presentation of significant amounts of new evidence, meaning the individualized issues predominate over the common issues in this case. To obtain coverage, Plaintiffs had to fill out their respective applications with PGAC. The applications required

4

Plaintiffs' personal information, including the amount and type of vehicles to be insured, the individuals to be insured under the policy and/or those that are excluded, the insured's driving history, as well as an individualized payment plan selected by the insured at the time of the execution of the applications. [Connor/Pugh Applications]. Individuals who choose to use PGAC have the option of selecting either 6-month or 12-month insurance policies and have the option to select the frequency of their payments. **[ECF No. 80-1].** Not all policies or payment plans are the same. **[ECF No. 80-**1].

In addition to the above, to determine the proper amount of refund owed to a putative class member, if any, this Court will have to look at the following documentation and factors for each member:

1) Each insured's PGAC Application;
2) The duration period elected by each insured;
3) The payment plan elected by each insured (whether the insured elected to pay the premium on a monthly basis);
4) the number of days left in a policy period at the time of cancelation;
5) each insureds' respective declaration page for the applicable policy period;
6) any renewed declaration pages issued for the applicable policy period;
7) whether any vehicles have been added or removed from the policy that have impacted the insured's total premium;
8) whether any individuals have been added or removed as insured on the policy that have impacted the insured's total premium;
9) an insured's total premium for the policy period;
10) the total amount of premium paid to date by the insured at the time of cancellation;
11) Any installment fees charged;
12) Accident claim history; and
13) PGAC's Florida Personal Auto Policy Terms.

As detailed in Alan Shell's Affidavit attached to PGAC's summary judgment motion, PGAC had to consider all these documents and factors to determine Pugh and Connor's premium refunds. **[ECF No. 80-2].** To assess the proper premium refund, this Court will have to consider all documents and factors listed above for *each putative class member*, which will inevitably bombard this Court with a lot more evidence, even if the putative class is only for 30 members, let alone 100. As such, individualized issues predominate over common ones with regard to Plaintiffs' breach of contract claim, evidencing that Plaintiffs have not met the predominance element of Rule 23(b)(3)..

Plaintiffs' alternative Unjust Enrichment claim fails to meet Rule 23's requirements, including those of commonality and predominance, for many of the same problems previously

raised as to their breach of contract claim. In Florida, "[t]he essential elements of a claim for unjust enrichment are: (1) a benefit conferred upon a defendant by the plaintiff, (2) the defendant's appreciation of the benefit, and (3) the defendant's acceptance and retention of the benefit under circumstances that make it inequitable for him to retain it without paying the value thereof." *Rollins, Inc. v. Butland,* 951 So.2d 860, 876 (Fla. 2d DCA 2006); *see Florida Power Corp. v. City of Winter Park,* 887 So.2d 1237, 1241 n. 4 (Fla.2004). Critical for present purposes, before it can grant relief on this equitable claim, this Court must examine the particular circumstances of an individual case and assure itself that, without a remedy, inequity would result or persist to each putative class member. Due to the necessity of this inquiry into the individualized equities attendant to each class member, the Eleventh Circuit has found unjust enrichment claims inappropriate for class action treatment. *See, e.g., Klay,* 382 F.3d at 1267; *Rollins,* 951 So.2d at 876–77; *Ortiz v. Ford Motor Co.,* 909 So.2d 479, 481 (Fla. 3d DCA 2005) (noting that "the equities surrounding each class member's [interaction with the defendant] is [sic] not the same"). In short, common questions will rarely, if ever, predominate an unjust enrichment claim, the resolution of which turns on individualized facts. The same is true in this case. Additionally, Plaintiffs are not adequate representatives for this claim as there has been no inequity—Plaintiffs entered into a contract to pay a full premium for insurance coverage, failed to pay the full premium as required by their payment plans and still obtained insurance coverage. PGAC took the risk of insuring Plaintiffs and did so until Plaintiffs breached their agreement to terminate their policies early when they provided notice and chose to end their policies early. This Court should therefore align itself with the Eleventh Circuit's ruling in *Vega* and find that Plaintiffs have failed to meet commonality and predominance elements under Rule 23 as to both their Counts.

**III.** **Plaintiffs have not met the Rule (23)(a)(3) Typicality and Rule (23)(a)(4) Adequacy Elements.**

> *a. Plaintiffs have not suffered any injury because PGAC has not committed a material breach of contract and Plaintiffs have not suffered any injury.*

"A class representative must possess the same interest and suffer the same injury as the class members in order to be typical under Rule 23(a)(3). [T]ypicality measures whether a sufficient nexus exists between the claims of the named representatives and those of the class at large." *Busby v. JRHBW Realty, Inc.,* 513 F.3d 1314, 1322 (11th Cir.2008) (quotations and

internal citations omitted; alteration in original). Although typicality and commonality may be related, the Eleventh Circuit has distinguished the two concepts by noting that, "[t]raditionally, commonality refers to the group characteristics of the class as a whole, while typicality refers to the individual characteristics of the named plaintiff in relation to the class." *Piazza v. Ebsco Indus., Inc.,* 273 F.3d 1341, 1346 (11th Cir.2001).

Plaintiffs have failed to meet the typicality element because they have not suffered the same alleged injury as other class members in that they have not suffered *any* injury. Plaintiffs have not suffered any injury because they received the correct premium refund. Page 5 of both Pugh and Connor's Policies, Provision G(2), titled *Refund of Premium*, state as follows:

> "2. **If the cancellation is at "your" request, "we" will refund 90% of the pro rata unearned premium."**

**[ECF No. 67-1];[ECF No. 67-2]**. During their depositions, both Connor and Pugh testified that they received the Policy Terms, read provision G above upon receipt and **agreed to the terms** included upon obtaining coverage with PGAC. **[ECF No. 80-4],** p. 56/line 9- p. 57/line 13); **[ECF No. 80-3],** p. 37/lines 1-25. By admitting that they received the Policy Terms and agreed to Provision G, Plaintiffs cannot prove that PGAC committed a material breach of contract.

The Affidavit of Alan Shell ("Mr. Shell"), PGAC's Corporate Representative, provides the Court with a detailed step by step calculation on how PGAC determined the Plaintiffs' unearned premium refunds. **[ECF No. 80-2].** After calculating 90% of Connor's unearned premium, her account was credited $799.00, she was issued a check in the amount $152.86 and she testified that she deposited this check into her account. **[ECF No. 80-2].** With regard to Pugh, when her account was credited with the 90% pro rata unearned premium remaining on her policy, she had an outstanding balance of $596.39. **[ECF No. 80-2].** On October 16, 2020, PGAC sent Pugh a Collection Letter for her outstanding balance of $596.39 ($6,178.39 - $5,582.00 = $596.39). **[ECF No. 80-2].** To date, Pugh has not paid this outstanding balance to PGAC. **[ECF No. 80-4].** Unlike many class members, Pugh is actually over $500 in debt to PGAC. By failing to have suffered any injury, Plaintiffs have failed to prove the typicality requirement under Rule 23(a)(3).

> b. ***Plaintiffs have failed to prove the Adequacy Element of Rule 23(a)(4) because PGAC has not Committed a Material Breach of Contract and Connor is a Convicted Felon who served 12 Years in Prison.***

Plaintiffs also fail to meet their burden as to the adequacy element of Rule 23. A class may be certified only if "the representative parties will fairly and adequately protect the interests of the class." Rule 23(a)(4), Fed.R.Civ.P. "The adequacy-of-representation requirement encompasses two separate inquiries: (1) whether any substantial conflicts of interest exist between the representatives and the class; and (2) whether the representatives will adequately prosecute the action." *Busby v. JRHBW Realty, Inc.,* 513 F.3d 1314, 1323 (11th Cir.2008) (citation and internal quotation marks omitted). Plaintiffs are not adequate representatives of the class for the same reason they do not meet the typicality element and for the same reason PGAC filed a Motion for Summary Judgment against their Claims[3]—their inability to prove that PGAC breached its contract by failing to refund them 90% of the pro rata unearned premium and that they suffered any injury. In *Kirkpatrick v. J.C. Bradford & Co.*, 827 F. 2d 718, 728 (11th Cir. 1987), the Eleventh Circuit stated with approval the general principle that adequacy of representation is primarily based on "the forthrightness and vigor with which the representative party can be expected to assert and defend the interests of the ... class" and "whether plaintiffs have interests antagonistic to those of the rest of the class." *Id.* at 726; *see also London v. Wal-Mart Stores, Inc.,* 340 F. 3d 1246, 1254 (11th Cir. 2003). By failing to have suffered any injury, Plaintiffs have interests antagonistic to those of the rest of the putative class.

PGAC further believes Connor does not possess the personal characteristics and integrity necessary to fulfill the fiduciary role of class representative because she was convicted of Kidnapping and served 12 years in prison from 2001 to 2013. **[ECF No. 80-3],** p. 12-14. In *Kirkpatrick,* the court went on to note that meeting the two requirements outline above might still be insufficient if the "named plaintiffs ... do not possess the personal characteristics and integrity necessary to fulfill the fiduciary role of fiduciary role of class representative." *Id.* Based on her serving significant time in prison, Connor does not possess the personal characteristics and integrity to fulfill the fiduciary role of class representative.

### IV.     **Plaintiffs have failed to meet the Numerosity Element under Fed. R. Civ. P. 23(a)(1).**

---

[3] PGAC filed a Motion for Summary Judgment requesting the Court enter summary judgment against both of their Counts I and II. [ECF No. 80]. For the same reasons, Plaintiffs are not proper representatives of the Class.

Plaintiffs have failed to plead the numerosity requirement of Rule 23(a)(1). *See Fed. R. Civ. P. 23(a)(1).* The Eleventh Circuit has noted that ""[a]lthough mere allegations of numerosity are insufficient to meet this prerequisite, a plaintiff need not show the precise number of members in the class." *Evans v. U.S. Pipe & Foundry Co.,* 696 F.2d 925, 930 (11th Cir.1983). Nevertheless, a plaintiff still bears the burden of making *some* showing, affording the district court the means to make a supported factual finding that the class actually certified meets the numerosity requirement. *See Vega v. T-Mobile USA Inc.,* 564 F. 3d 1256 (11th Cir. 2009). Counsel for Plaintiffs filed the first Complaint in this Action on December 27, 2020. **[ECF No. 1].** The Complaint identified one named Plaintiff, Prinita Finley, and alleged class action allegations based on improperly assessed motorclub fees by PGAC. **[ECF No. 1].** Counsel then dismissed Plaintiff Finley and moved to amend the Complaint to add Connor and Pugh **[ECF No. 35].** Connor and Pugh filed their Second Amended Class Action Complaint on January 25, 2021. **[ECF No. 37].** Plaintiffs allege PGAC did not refund the correct amount of their unearned premiums. In their Motion for Class Certification, Plaintiffs seek to certify the following class:

> "All citizens residing in the State of Florida, who, ***within (5) years of the filing of his action***, were (1) insured under an auto policy sold or issued by Permanent General containing the same or similar "Refund of Premium" provision under the policy's "Cancellation and Non-Renewal" section as found in Plaintiffs Connor's and Pugh's policies, and who (2) had their policies cancelled at the insured's request, and who (3) had paid a premium that was held by Permanent General and still unearned on the effective date of cancellation." **[ECF No. 82].**

Plaintiffs have not presented evidence of Florida citizens who within five years of January 25, 2021, paid a premium that was held by PGAC and still unearned. The evidence provided by Plaintiffs include evidence from 2014 to 2020, which is not the class they seek to certify. The Eleventh Circuit's numerosity analysis in *Vega* is especially instructive here. In *Vega,* the Eleventh Circuit reversed the district court's certification of a Florida class, where the only evidence supporting the numerosity element was the testimony of a T-Mobile Executive who stated the number of employees during the class period was "in the thousands." *Vega,* 564 F. 3d at 1267. The Eleventh Circuit reversed the trial court's certification order stating, "while the company-wide testimony easily would constitute a sufficient basis for a finding of numerosity as it relates to a nationwide class, the district court, significantly, certified a Florida-

only class." *See Id; see also Donoff v. Delta Airlines, Inc.,* 2020 WL 3268272 (S.D. Fla. Jan. 24 2020)(applying the *Vega* numerosity analysis where defendant's Corporate Representative had only testified as to nationwide sales and not Florida sales). Just like the Plaintiffs in the *Vega* and *Donoff* cases, Plaintiffs have presented no evidence of numerosity for Florida from January 25, 2017 to January 25, 2021. This Court should therefore deny Plaintiff's Motion for failing to meet Rule 23(a)(1)'s numerosity requirement as well.

## CONCLUSION

Plaintiffs' Motion for Class Certification is mistaken in that it appears to represent to the Court that certifying a class action is a "low burden." This is contrary to what the Eleventh Circuit has held, stating that this Court must "conduct a *rigorous* analysis to determine whether the movant carried his burden…" in a motion for class certification. *Brown,* 817 F.3d at 1233–34 (11th Cir. 2016). After applying the Eleventh Circuit' stringent and rigolous analysis, this Court should find that Plaintiffs did not meet the commonality or predominance requirements because a uniform contract does not exist and individualized issues predominate over the provision regarding refund of premiums. Additionally, Plaintiffs Connor and Pugh's claims and injuries are not "typical" of the class nor are they adequate representative because they cannot prove that PGAC breached its contract or that they suffered any injury. Finally, Plaintiffs provide no evidence for the amount of putative members to potentially join the class for the years they seek to certify. Even if this Court has any doubt regarding whether Plaintiffs have met *any* of their elements, this Court must rule in favor of PGAC and against class certification because of the Eleventh Circuit's holding that "if doubts remain about whether the standard is satisfied, the party with the burden of proof loses." *Id.*

WHEREFORE, Defendant, PERMANENT GENERAL ASSURANCE CORP., respectfully requests that this Court deny Plaintiffs, DORINE L. CONNOR and MYRTLE E. PUGH'S Motion for Class Certification.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of January, 2022 the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day to James M. Terrell, Esq., Methvin, Terrell, Yancey, Stephens & Miller, P.C., 2201 Arlington Avenue South, Birmingham, AL 35205 at

jterrell@mtattorneys.com, attorneys for Plaintiff, in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        Respectfully submitted,

By: /s/ *Audrey-Jade Salbo*
Reginald J. Clyne, Esq.
Florida Bar No.: 654302
Audrey-Jade Salbo, Esq.
Florida Bar No.: 119370
QUINTAIROS, PRIETO, WOOD & BOYER, P.A.
*Attorneys for Defendant, Permanent General Assurance Corp*
9300 S. Dadeland Blvd., 4th Floor
Miami, FL 33156
Tel: (305) 670-1101
Fax: (305) 670-1161
Email: rclyne.pleadings@qpwblaw.com
      Reginald.clyne@qpwblaw.com
      audrey-jade.salbo@qpwblaw.com
      stephanie.clavijo@qpwblaw.com
      Cecilia.quevedo@qpwblaw.com