UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 9:20-cv-81979-WPD – Dimitrouleas

DORINE L. CONNOR, and MYRTLE E. PUGH, Individually and on behalf of all other similarly situated,

    Plaintiffs,

v.

PERMANENT GENERAL ASSURANCE CORP.,

    Defendant.
_____/

## ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT

**THIS CAUSE** is before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of Proposed Class Action Settlement (the "Motion"). [DE 146]. The Court has carefully considered the Motion and is otherwise fully advised in the premises.

**WHEREAS** Plaintiffs Dorine L. Connor and Myrtle E. Pugh (the "Named Plaintiffs"), individually and as Class Representatives on behalf of a proposed Settlement Class (collectively, "Plaintiffs"), and Defendant Permanent General Assurance Corporation ("PGAC") have agreed, subject to Court approval, to settle this Action upon the terms and conditions stated in the Class Action Settlement Agreement filed with the Court on September 19, 2022 (the "Agreement");

**NOW, THEREFORE**, based upon the Agreement, all of the files, records, and proceedings herein, and the statements of counsel, and it appearing to the Court that a hearing should be held to determine whether the Proposed Settlement described in the Agreement should be finally approved as fair, reasonable, and adequate;

**IT IS HEREBY ORDERED** that the Motion [DE 146] is **GRANTED** as follows:

1. The Agreement (including the Exhibits thereto) is hereby incorporated by reference in this Order, and all terms defined in the Agreement will have the same meanings in this Order.

2. This Court possesses jurisdiction over the subject matter of this Action and over all Parties to this Action, including the Named Plaintiffs and all Settlement Class Members.

3. The Court finds that the negotiations leading to the Agreement occurred at arm's length, there was sufficient discovery in this case prior to settlement, and the proponents of the settlement are experienced in similar litigation. The Court preliminarily approves the Agreement (including the Exhibits thereto), finding that the Proposed Settlement is fair, reasonable, and adequate to warrant providing notice to the Settlement Class because, upon preliminary review and as required by Fed. R. Civ. P. 23(e)(1)(B), there is sufficient information provided to determine that the Court will likely be able to approve the proposal. Such finding is not to be deemed an admission of liability or fault by PGAC or a finding of the validity of any claims asserted in the Action or of any wrongdoing by PGAC. Neither the Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by PGAC or any of the Released Persons of the truth of any of the allegations made in the Action, or of any liability, fault, or wrongdoing of any kind whatsoever on the part of PGAC or the Released Persons.

4. This Court previously certified a class in this Action. [DE 96]. The Parties propose a Settlement Class based on a definition that is materially consistent with the Class previously certified by this Court [DE 96] and takes into consideration the relevant period at issue as determined by Magistrate Judge Matthewman [DE 117]. For purposes of determining whether the terms of the Proposed Settlement should be finally approved as fair, reasonable and adequate, the following Settlement Class is preliminarily certified for settlement purposes only (and PGAC

retains all rights to assert, if this settlement is not consummated, that this Court's previous Class Certification Order was incorrectly decided):

> All citizens residing in the State of Florida, who, during the Class Period [January 25, 2016, to April 11, 2022], were (1) insured under an Automobile Insurance Policy sold or issued by PGAC containing the same or similar "Refund of Premium" provision under the policy's "Cancellation and Non-Renewal" section as found in Plaintiffs Connor's and Pugh's policies, and who (2) had their policies cancelled at the insured's request, and who (3) had paid a premium that was held by PGAC and still unearned on the effective date of cancellation.

5. Those excluded from the Settlement Class are set forth in Paragraph I.31. in the Agreement.

6. Dorine L. Connor and Myrtle E. Pugh are preliminarily appointed representatives of the Settlement Class ("Class Representatives"), and the following attorneys are preliminarily appointed as counsel for the Settlement Class ("Class Counsel"):

R. Brent Irby
IRBY LAW, LLC
brent@irbylaw.net
2201 Arlington Ave. S
Birmingham, AL 35205
Telephone: (205) 936-8281

Jordan A. Shaw
jshaw@zpllp.com
Zachary D. Ludens
zludens@zpllp.com
ZEBERSKY PAYNE SHAW LEWENZ
110 Southeast 6th Street
Suite 2900
Fort Lauderdale, FL 33301
Telephone: (954) 361-6705
Facsimile: (954) 989-7781

J. Matthew Stephens
mstephens@mtattorneys.com
James M. Terrell
jterrell@mtattorneys.com
Courtney C. Gipson
cgipson@mtattorneys.com

METHVIN, TERRELL, YANCEY, STEPHENS & MILLER, P.C.
The Highland Building
2201 Arlington Ave. S
Birmingham, AL 35205
Telephone: (205) 939-0199
Facsimile: (205) 939-0399

7. Courts should make a preliminary inquiry into the Rule 23 requirements prior to preliminarily approving a proposed Settlement Class. *In re Checking Account Overdraft Litig.*, 275 F.R.D. 654, 659 (S.D. Fla. 2011). The Court briefly addresses each factor and, for purposes of settlement, finds that the Proposed Settlement Class is suitable for class treatment. Moreover, it should be noted that, "[i]f the court has already certified a class, the only information ordinarily necessary is whether the proposed settlement calls for any change in the class certified, or of the claims, defenses, or issues regarding which certification was granted." Fed. R. Civ. P. 23 Advisory Committee Notes to Subdivision (e)(1) (2018).

8. Because the Settlement Class is materially consistent with the Class previously certified by this Court, the Settlement Class is certifiable for the same factual and legal reasons set forth in this Court's previous order certifying the Class [DE 96].

9. For purposes of Settlement, the Named Plaintiffs and the Settlement Class Members possess Article III standing and, because the class definition is clear, based on objective criteria, and is not overbroad, and because the Parties agree to identify Settlement Class Members based on objective criteria, the proposed Settlement Class is adequately defined and ascertainable. *See Perez v. Metabolife Int'l, Inc.*, 218 F.R.D. 262, 269 (S.D. Fla. 2003); *Alderman v. GC Servs. L.P.*, 2018 WL 542455, at *3-*4 (S.D. Fla. Jan. 19, 2018). Thus, for purposes of settlement, the threshold requirements for class certification are satisfied.

10. For purposes of settlement, the Class is sufficiently numerous (comprised of over 30,000 members), there are questions of law and fact common to the Settlement Class (including

whether they were underpaid refunds based on voluntary cancellation of their insurance policies), and Plaintiffs' claims are typical of the Settlement Class.

11. In addition, Plaintiffs and Class Counsel are adequate representatives of the Settlement Class. Thus, the prerequisites to certify a class prescribed by Rule 23(a) are satisfied as to the Settlement Class for purposes of settlement. *Valley Drug Co. v. Geneva Pharms., Inc.*, 350 F.3d 1181, 1187-88 (11th Cir. 2003) (to certify a class, Rule 23(a) requirements of numerosity, commonality, typicality, and adequacy must be satisfied).

12. For purposes of settlement, the Settlement Class is certifiable under Rule 23(b)(3) because, for purposes of preliminarily certifying the Settlement Class, common issues predominate over individual issues and class treatment is superior to other alternatives for adjudicating the claims at issue. *See Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1265 (11th Cir. 2009) (predominance and superiority requirements must be met to certify a class under Rule 23(b)(3)).

13. Notwithstanding the foregoing, PGAC maintains all defenses to certification, and this Order shall not be used as evidence or be interpreted in any way to be relevant to whether any litigation class or the previously certified class should have been, or should be, certified for class treatment.

14. The Parties have prepared and submitted the Mail Notice Forms and E-Mail Notice Forms, which include a Claim Form, as Exhibits 2 through 4 to the Agreement. The Court has reviewed and approves, without material alteration, Exhibits 2, 3, and 4 to the Agreement.

15. The Court directs that the Notices and Claim Forms be sent to the Persons described, and in the manner set forth, in the Agreement, including the procedures set forth in the Agreement for Notices that are returned as undelivered due to an incorrect current address.

16. To be timely, completed and signed Claim Forms must be postmarked or

electronically submitted on or before the Claims Submission Deadline as set forth in the Agreement. Any Claim Form submitted after the Claims Submission Deadline shall be deemed untimely. If submitted through the Settlement Website, the Claim Form must be submitted electronically on or before 12:00 a.m. EST on the date of the Claims Submission Deadline, after which the Settlement Administrator shall deactivate the portal for the submission of claims. If submitted by U.S. Mail or courier, the Claim Form must be postmarked and such postmark must bear a date on or before the Claims Submission Deadline.

17. Angeion Group is preliminarily appointed as the third-party Settlement Administrator.

18. In addition to mailing and e-mailing the Notices as set forth above, the Settlement Administrator shall establish a Settlement Website as described in the Agreement and post on the Settlement Website the Agreement and this Preliminary Approval Order, frequently asked questions, and other information agreed to by the Parties. The Settlement Website shall be maintained for at least 180 days after the Claims Submission Deadline. Furthermore, the Settlement Administrator shall maintain a toll-free telephone system containing recorded answers to frequently asked questions.

19. The Class Action Fairness Act Notice to be made by the Settlement Administrator on behalf of PGAC as set forth in the Agreement is in full compliance with 28 U.S.C. § 1715(b).

20. The costs of providing the dissemination of notice for administration of the Settlement, including the costs of the Settlement Administrator, shall be borne by PGAC.

21. The Court preliminarily finds that the notice provided to potential Settlement Class Members (i) is the best practicable notice under the circumstances; (ii) is reasonably calculated to apprise Settlement Class Members of the pendency of the Action and of their right to object or to

exclude themselves from the Proposed Settlement; and (iii) is reasonable and constitutes due, adequate, and sufficient notice to all Persons entitled to receive notice. *See* Fed. R. Civ. P. 23(c)(2).

22.     For purposes of preliminary approval, courts must make an initial analysis and ensure that, as a preliminary matter, the terms of the settlement appear fair, adequate, and reasonable based on, *inter alia*, the factors prescribed by the Eleventh Circuit. *See Leverso v. Southtrust Bank*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994) (outlining six factors to consider); *Parker v. Stoneledge Furniture, LLC*, 2022 WL 738591 (M.D. Fla. Feb. 17, 2022) (applying the six factors espoused by the Eleventh Circuit). Preliminary approval should be granted where the Parties provide sufficient information to allow a Court to determine that Notice of the proposal should be provided to Class Members for consideration of its terms and that, upon initial review, the Court will likely be able to approval the proposal. *See* Fed. R. Civ. P. 23(e)(1)(B)(i).

23.     Based upon a preliminary analysis, and without foreshadowing any final analysis pending implementation of the Notice and review of any objections, this Court finds that the terms of the Proposed Settlement appear to be fair, reasonable, and adequate to the Settlement Class for the reasons, among others, that follow.

24.     First, the likelihood of Settlement Class Members' ultimately achieving success after all potential appeals of judgment and class certification is uncertain. While the Court previously certified a Class, and partially granted Plaintiffs' motion for summary judgment and denied PGAC's motion for summary judgment, this Court recognizes that (a) PGAC maintains that it possesses meritorious defenses concerning both summary judgment and class certification, (b) the Court's prior summary judgment and class certification decisions may be subject to appeal, and (c) the issue of damages has yet to be determined and is uncertain and may be subject to further defenses by PGAC.

25.     The uncertainty and risk of reversal on appeal is particularly relevant where, as here, there is no controlling appellate opinion directly on point regarding the precise issue in dispute, and there is no direct guidance from the Florida Supreme Court or any Florida appellate court.

26.     In conducting a preliminary analysis of a proposed settlement, courts compare the chances of ultimate success (including on appeal), which this Court finds to be uncertain, with the value secured through the Settlement Agreement. The Court preliminarily finds that value of the Proposed Settlement is significant. The Parties have agreed to claims calculations that essentially approximate the full amount that Plaintiffs have sought in this Action on behalf of the Settlement Class. *See Saccoccio v. JP Morgan Chase Bank, N.A.*, 297 F.R.D. 683, 693 (S.D. Fla. 2014) (finding significant that settlement afforded a class recovery between 50% and 100% of damages). Second, the Notice plan as ordered by this Court is comprehensive and the claims' submission process is straightforward and simple, both of which are relevant to the fairness of the Agreement. *See Braynen v. Nationstar Mortg., LLC*, 2015 WL 6872519, at *18 (S.D. Fla. Nov. 9, 2015) (robust notice plan is evidence terms of settlement are fair and reasonable). Third, the Settlement provides prospective relief related to PGAC's practices regarding the processing of such premium refunds. Fourth, the Proposed Settlement contains a straightforward method to provide all Settlement Class Members with additional funds for prejudgment interest.

27.     The "claims-made" structure of the Settlement does not undermine this Court's preliminary finding that the terms are fair, reasonable and adequate. *See Braynen*, 2015 WL 6872519, at *13; *Hamilton v. SunTrust Mortg. Inc.*, 2014 WL 5419507, at *6-*7 (S.D. Fla. Oct. 24, 2014) (whether settlement is a claims-made structure or a direct-pay structure does not impact "fairness, reasonableness, or adequacy of proposed settlement").

28. This finding is further supported by the fact that PGAC has made clear that it would (a) vigorously defend against Plaintiffs' claims for damages, which have yet to be determined, and (b) explore appeal as to all rulings on the merits and class certification, rather than settling the case on a direct-pay model. *See Montoya v. PNC Bank, N.A.*, 2016 WL 1529902, at *14 (S.D. Fla. Apr. 13, 2016). This means that those persons who make the effort and submit a valid, complete, and timely claim will be able to secure what would be tantamount to a full payment of their claim without the risk that they could possibly receive nothing if PGAC were to file an appeal and prevail or perhaps receive less based on the fact that damages have not yet been determined and PGAC would vigorously defend against any award of damages.

29. In sum, upon preliminary review, the Court finds that, given the relief secured, PGAC's agreement to change its practices regarding the processing of such refunds, the robust Notice plan, and the relatively simple claims submission process, the Court will likely be able to approve the terms of the Proposed Settlement as fair, reasonable, and adequate. As such, the terms of the Proposed Settlement warrant providing Notice to Class Members and the opportunity to request exclusion or object to the terms and scheduling a Final Approval Hearing to determine whether to grant final approval.

30. Potential Settlement Class Members who have not previously excluded themselves from this class action and who wish to exclude themselves from the Settlement Class must submit timely, written requests for exclusion, as set forth in the Agreement and Notice, postmarked no later than 30 days from the deadline for the Initial Notice Date, *i.e.* **no later than November 19, 2022**. Requests for exclusion must be exercised individually by the Settlement Class Member or his or her Legally Authorized Representative, and not as or on behalf of a group, class, or subclass.

31. No later than the deadline indicated in the below table, the Settlement Administrator

shall file proof of mailing and e-mailing of the Notices, along with the Opt-Out List, which shall be a list of all Persons who timely and properly requested exclusion from the Settlement Class, and an affidavit or declaration attesting to the accuracy of the Opt-Out List.

32. Potential Class Members who submit timely and valid requests for exclusion in the manner set forth in the Notice and Agreement shall be excluded from the Settlement Class. Such Persons shall have no rights under the Proposed Settlement, nor share in any distribution of funds, and shall not be bound by the Proposed Settlement nor by any Final Order and Judgment approving the Proposed Settlement. All Settlement Class Members who do not submit a timely, written request for exclusion in the manner set forth in the Notices and Agreement will be bound by any Final Order and Judgment entered, even if such Settlement Class Members did not receive actual notice of this Action or this Proposed Settlement, or did not submit a claim pursuant to the Proposed Settlement. If a Final Order and Judgment is entered approving the Proposed Settlement, all Settlement Class Members who do not make timely, written requests for exclusion shall be conclusively deemed to have fully and finally released all Released Persons from any and all Released Claims, as defined in the Agreement.

33. Settlement Class Members who do not request exclusion from the Settlement Class may object to the Proposed Settlement. Any Settlement Class Member who wishes to do so must file written notices of intent to object or intervene, as described in the Agreement and below. Any Settlement Class Member who timely files an objection in compliance with the Agreement and this Order may appear at the Final Approval Hearing, in person or by counsel, and be heard to the extent allowed by the Court. The right to object to the Proposed Settlement must be exercised individually by an individual Settlement Class Member or his or her attorney or Legally Authorized Representative, and not as a member of a group, class, or subclass.

34. To be timely, any objection or motion to intervene must be postmarked and mailed to the Settlement Administrator, and filed with the Court, by no later than ninety (90) days after the date of this Preliminary Approval Order and, in any case, no later than fourteen (14) days prior to the Final Approval Hearing and must also contain:

a. a caption or title that identifies it as "Objection to Class Settlement in *Connor, et al. v. Permanent General Assurance Corporation*, No. 9:20-cv-81979-WPD (S.D. Fla.)";

b. the objector's full name, signature, home address and telephone number, or other information sufficient to identify the Settlement Class Member;

c. a notice of intention to appear, either in person or through an attorney, with the name, address, and telephone number of the attorney, if any, who will appear;

d. certification that the objector is a member of the Settlement Class;

e. a statement of each objection asserted;

f. a detailed description of the basis and facts underlying and supporting each objection;

g. a detailed description of the legal authorities, if any, underlying and supporting each objection;

h. copies of exhibits and/or affidavits, if any, the objector may offer during the hearing;

i. a list of all witnesses, if any, the objector may call to testify at the hearing, along with a summary of each witness's anticipated testimony;

j. the signature, full name, firm name, and business address of all attorneys who have a financial interest in the objection;

k. the last four digits of the objector's policy number(s) for the objector's Florida automobile policies with PGAC; and

l. disclosure of any other class action settlements to which the objector or any of the objector's agents or representatives, successors or predecessors have objected, including disclosing the number of times they have objected to a

11

class action settlement within the preceding five years, the caption of each case, the counsel representing them in each prior objection, and a copy of any orders related to any prior objections.

35. In addition, if the Settlement Class Member indicates, as set forth above, that he or she intends to appear and speak at the Final Approval Hearing, a notice of intent to object should also contain the following information:

    a. Contain a heading which includes the name of the case and case number;

    b. Provide the name, address, telephone number, and signature of the Settlement Class Member filing the objection;

    c. Indicate the specific reasons why the Settlement Class Member objects to the Proposed Settlement;

    d. Contain the name, address, bar number, and telephone number of the objecting Settlement Class Member's counsel, if represented by an attorney. If the Settlement Class Member is represented by an attorney, he or she must comply with all applicable rules of the Court; and

    e. State whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing, either in person or through counsel.

A lack of substantial compliance with these requirements may result in the Court declining the Settlement Class Member or his/her or its attorney permission to speak or present evidence or testimony at the Final Approval Hearing.

36. The Court directs the Settlement Administrator to rent a Post Office Box to be used for receiving requests for exclusion, objections, notices of intention to appear, and any other settlement-related communications, and provides that only the Settlement Administrator, the Court, the Clerk of the Court, and their designated agents shall have access to the Post Office Box, except as otherwise expressly provided in the Agreement or by further order of the Court. The

Court also directs the Settlement Administrator to promptly furnish Class Counsel and PGAC's Counsel with copies of any and all objections, written requests for exclusion, motions to intervene, notices of intention to appear, or other communications that come into its possession, as set forth in the Agreement.

37. The Parties are directed to exchange data or information and provide data or information to the Settlement Administrator consistent with the methods and timing set forth in the Agreement to facilitate the sending of Notices within the deadlines set forth in the schedule below.

38. The Court will conduct a Final Approval Hearing at **11:30 A.M. on Friday, January 20, 2023**. in Courtroom 205B at the U.S. Federal Building and Courthouse, 299 East Broward Boulevard, Fort Lauderdale, Florida, during which the Court will consider whether the Proposed Settlement should be approved as fair, reasonable, and adequate, and whether the Court should enter Final Order and Judgment approving the Proposed Settlement and dismissing this Action on the merits, with prejudice. The Court will also consider the amount of any Attorneys' Fees Award. Class Counsel is directed to file any application for attorneys' fees and costs by no later than thirty (30) days prior to the Final Approval Hearing, *i.e.* **no later than December 21, 2022**. The Settlement Administrator is directed to post any such application to the Settlement Website.

39. The Final Approval Hearing may be postponed, adjourned, or rescheduled by order of the Court without further notice to Settlement Class Members other than on the Settlement Website and the Court's publicly-available docket. The Court further reserves the right to enter a Final Judgment and Order dismissing the Action with prejudice as to PGAC and against the Named Plaintiffs and the Settlement Class Members at or after the Final Approval Hearing and without

further notice to the Settlement Class Members.

40. Based upon the terms of the Agreement, and based upon today's date, on which this Preliminary Approval Order is being entered, the Court imposes the following schedule for implementation of the notice plan and further proceedings to determine whether the Proposed Settlement should be fully and finally approved:

| Event | Deadline |
|---|---|
| Website Posted by Settlement Administrator | October 20, 2022 (30 days after the date this Order is entered) |
| Deadline for Settlement Administrator to mail Initial Mail Notice and Initial E-Mail Notice ("Initial Notice Date") | October 20, 2022 (30 days after the date this Order is entered) |
| Deadline for filing Class Counsel's application for an award of attorneys' fees and expenses | December 21, 2022 (30 days prior to Final Approval Hearing) |
| Deadline for opting-out of Settlement | November 19, 2022 (30 days after Initial Notice Date) |
| Deadline for submission of objections or motions to intervene | December 19, 2022 (90 days after the date this Order is entered, but no later than 14 days prior to Final Approval Hearing) |
| Deadline for Settlement Class Members to submit claims | February 20, 2023 (30 days after Final Approval Hearing) |
| Deadline for Settlement Administrator to file proof of completion of Notice, along with complete and accurate Opt-Out list | January 10, 2023 (10 days prior to Final Approval Hearing) |
| | |

| Deadline for filing Motion for Final Approval of the Settlement | January 10, 2023 (10 days prior to Final Approval Hearing) |
|---|---|
| Final Approval Hearing | January 20, 2023 at 11:30 A.M. |

41.   Upon a showing of good cause, the Court may extend any of the deadlines set forth in this Order without further notice to the Settlement Class.

42.   This Order supersedes the Order on Cross-Motions for Summary Judgment [DE 112] and the Order Granting Plaintiffs' Motion for Class Certification [DE 96].

43.   The Court **STAYS** all proceedings in this Action until further Order of the Court, except that the Parties may conduct such limited proceedings as may be necessary to implement or effectuate the Agreement.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 20th day September, 2022.

*/s/ William P. Dimitrouleas*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of record